Southard J.
This is an action of debt, commenced by Taylor against Hoff, for $39.71. On the return of the summons, on the 20th of June 1818, the plaintiff filed -an account in the usual form, and defendant pleaded the general issue. Plaintiff demanded a venire, which was issued on the 23d of June, returnable on the 26th, when *958 the cause was heard, and the foreman of the' jury rend(Sred a verdict for the plaintiff, for $11.06, but upon being polled, at the request of the plaintiff, three of the jurors disagreed to the verdict. Upon this, the parties agreed to refer the cause, and a rule of reference was entered, in these words: “ By consent of the above parties, and at their request, it is ordered, that the matters in difference, in the above cause, be submitted to the final end and determination, of Capt. William Conover, William Murray, and Cornelius Walling, referees, mutually chosen by and between the said parties, whose report, or the report of any two of them, made in writing and signed by the said referees, or any two of them, and delivered to this court, on or before the first of September, next, shall be binding, <fcc.; and the first meeting of the referees shall be on the first Monday in August 1818, at 2 o’clock P. M., at, &c., and afterwards on their own adjournments, giving notice, &c.; that, in case, of the absence of either party, he having notice of the time and place of the meeting of the referees, they are to proceed ex parte and without him ; and that the parties have subpoenas for their witnesses, &c.”
On the 3d of August, two of the referees, viz., Conover and Murray, met, and it being proved that the defendant, jHoff, and the other referee, Walling, had, on the 27th of July, received notice of the time and place of meeting, they were sworn, heard the plaintiff, and on the same day made a report in his favour for $38.51, upon which report the justice entered judgment.
By affidavits, taken under rule, it appears, that when the notice was served on Cornelius Walling, the referee, he declared that he would not attend ; and gave as a reason, that he was a relation of Hoff, the defendant. And when notice was served on Hoff, he declared that he would not attend, and gave, to one of the witnesses, as his reason, that Walling, the referee, .would not attend.
*The only question which has been raised upon the certiorari, which presents these facts, is, whether, under the circumstances, the two referees had the power, to hear the plaintiff and make a report: whether the report is good ?
From the statement which has been made of the facts, *959 it is manifest, that here was a warm litigation, in which neither party was disposed to yield any of his claims, and’-in which, it was difficult, for a jury to discover the truth; that the parties supposed they were making a reference to three men, all of whom were to act; that one of the parties was not willing that two of the referees should act, without the third; that this third never did take upon himself, the burden of this submission; but, on the contrary, wholly refused, and gave as his reason, his relationship to one of the parties. Was it competent, then, for the two to hear the cause and make a report, after the refusal of the other, without an opportunity to supply Iris place, and against the will of the defendant? Their authority is contained in the written rule; what does that say ? The cause is submitted to the three, “ whose report, or the report of any two of them” shall bind, &c.
In putting a construction upon these words, we must-recollect, that the power granted by them, is not of a general nature and of public concern, where, from principles of public policy, the majority conclude the minority, and their act is the act of the whole ; but it is a private confidence, a mere delegation of power, where the interest of the constituent is directly and only concerned, and where the will of the parties, and the intention and construction of the words of the grant, must be strictly followed.
The parties agree upon three men to hear; the rule refers the matters to be heard to three; and wherever it speaks of their acts, in relation to the hearing, as in the reference, the meetings, the adjournments, it speaks of all, without qualification, “ the referees.” Wherever it speaks of thq result of the hearing, it expressly draws the distinction, and states, that the result may be indicated by all or by two; “ their report, or the report of any two of them” “ signed by them, or any two of them.” The fair construction of the different parts, then, is, that the power is vested in the three, who are to hear, examine, and judge of the cause; but after this hearing, if they cannot agree, the report or judgment of two of them, is to bind. All are to deliberate, consult, reason; but the weight or majority *960 of opinion, is to rule. The *whole court is to hear, but -the claim which gains the most suffrages, is to prevail.
So too, I am sure, is the understanding of the parties, and the reason of the thing. When a man refers a matter to three, he does not say, nor mean, two. When he takes his cause from the court, and places it in the hands of .private individuals, he does it, because he has confidence in their intelligence and integrity; and it may, and often does, happen, that he has full and implicit reliance upon one only, of the persons chosen, and that reliance governs him, in agreeing to the rule. Would he consent to the reference, if he understood that he was to be bound, in every event, even if that man refused to act ? Surely not. In the present case, Hoff had confidence in Walling; he was unwilling that a hearing should take place, without him ? When he agreed to the rule, did he understand that he was to be bound, though Walling did not act ? And ought his agreement to be so construed, as to violate the very principle upon which it was founded?
The practice, too, so far as I have ever learned it, is in compliance with this construction óf the rule. I have never heard of a case, where the rule was of this kind, and one of the men named, refused to become a referee, yet the parties proceeded, without a new agreement, or the substitution of some one, in the place of him who declined. On the contrary, I believe the experience of every member of the bar, will bring to his recollection, cases, where, after such refusal, the cause did not progress, until the rule was discharged, or a substitution made.
Nor am I aware of any serious evil resulting from this construction. It can, at most, only create a short delay, where there is a refusal to serve. If that refusal is corruptly procured, the party is liable to punishment, for his contempt. If it is on the mere motion of the referee, the rule 'must be discharged, or a substitution of another referee made. In the present case, the rule would have been discharged, upon Taylor’s motion, upon proof of the facts.
The plain sense and meaning of the rule, therefore, and the course of the practice, require, that the report of these two referees, and the judgment founded upon it, should be *961 set aside, unless there is something in the adjudged cases, compelling, irresistibly, to a different result.
There is no adjudged case, in this court, within my own observation, nor is any reported. . 1 am informed, however, that some have arisen, in former times, and that the decision has always been, unfavourable, to the validity of the report.
In the books, there are many cases, pointing to this subject, but I have not found one, upon a rule or submission, worded like the present; and, although I am not satisfied with the reasoning upon them, yet I think there is plausible ground for the course of decision.
The case of Dalling v. Matchett, reported in Barnes 57, in Willes 215, and referred to in Kyd 107, and in many other books, seems to be a leading case, and, in the estimation of the counsel of the defendant, is conclusive. The rule there, is precisely the same, as in 2 Oro. 278, and 2 Oro. 400, and all the other cases, which have, what is commonly called, the ita quod clause, in them. The words are, to the three, “ so as they, or any two of them, make the award.” These words, so as, have, in all the cases, been considered as disjoining the authority, and authorizing two to act, without the third, and make a report, provided the third has had notice of their meeting, so that he might have attended, and was not excluded by fraud. The report of a part is expressly Sanctioned, upon the ground, that by the fair construction of the whcle rule, the authority wras separated, and as much vested, in a part, as in the whole. But, in comparing these cases, with the one before us, it is proper to make three remarks. 1. In none of them, is the reference like the present, to three, whose report, or the report of any two of them, &c. 2. It does not appear, in any of them, that one or more of the persons appointed, refused the trust. On the contrary, the fair import of all of them, is, that the persons appointed, undertook the trust, but afterwards, one or more was intentionally, and improperly, absent from the trial, or being present, they could not all agree. But here, Walling never agreed to act as referee, but absolutely declined. 3. In all those cases, the language is, that they, or any two, may “ make an award.” An award, is a judgment *962 formed and pronounced; to make an award, is to form ■ and publish, a judgment, upon the facts; and, perhaps, in the construction of the rules, a force may have been given to these words, which, as I before remarked, is plausible* but not altogether satisfactory. They may have been considered, as conveying the idea, of performing the whole power given by the rule; of ^hearing and judging, and publishing the judgment. When two were authorized to malee an award, it may have been considered, that they had full power to do every thing necessary to its completion and perfection; to hear, to judge, to publish. But in this case, it is not said that the two may malee a report: thus conveying the idea, that they may do every thing necessary to complete it: but it is said, “ the report of two shall be final,” thus referring to the act, and not the actors; describing that'matter, which may as well be the result of- the consultations of the whole, as a part. When it speaks of making the report, of the hearing and deliberation, it speaks of all; when it speaks of the report, the result of that hearing and deliberation, it speaks of a smaller part.
Kunckle v. Kunckle, (1 Dal. 364,) has been supposed to confirm the idea, that two have power to act under a reference like this; but I think, the case has been misapprehended. The words of the rule are not given in the report; but the three referees all acted, were present and heard the cause; two of. them agreed ; the third dissented, and telling the others, that they could make the report without him, left them. The two did make the report. It is then, simply the case of all the referees acting, and a majority signing the report.
The case of Kingston v. Kincaid, and others, said (Kyd. 107) to have been decided at April Sessions 1806, in the United States’ Circuit Court for Pennsylvania, is of the same character. The reference was to three or any two of them; where, of course, without any artificial construction of words and phrases, the two had full power; the same, as the three. The three met often on the subject, but as one could not agree with the others, upon the important points of the dispute, he said, it was unnecessary for them to call on him again, and withdrew. The two proceeded *963 to conclude their hearing, and made a report, which was supported, and 1 think correctly. Here all took the den on themselves; all met and heard; but two only could agree.
In Green v. Miller, (6 John, 39,) there was a parol submission to five, without any addition, that four or a loss number might award. Four did make the award, and it wras held bad.
There are other cases, scattered through the books, but I believe they are all reducible to those that I have considered ; and I see in them, nothing to change the view, which I have taken of the plain import of the rule of reference, and the practice under it.
*1, therefore, think that the report is not valid, and that the judgment founded upon it, must be reversed; and in this opinion, my brethren agree with me.
Judgment reversed.