168 N.J. Super. 197 (1978)
402 A.2d 269
JERRY WILLTS, PLAINTIFF,
v.
RONALD V. EIGHNER, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided December 8, 1978.
*198 Mr. Barry W. Rosenberg for plaintiff Jerry Willts (Mr. Craig Aronberg, attorney).
Mr. William L. Lundgren, III for defendant Ronald V. Eighner (Messrs. Green and Lundgren).
WEINBERG, J.S.C.
This personal injury negligence action arose out of a motor vehicle accident occurring on August 4, 1973. Suit was instituted on or about July 30, 1975. Settlement negotiations between the parties proved unfruitful and on November 6, 1978 defendant filed an offer to allow judgment to be entered pursuant to R. 4:58-1 et seq. in the amount of $3,500 plus costs. Plaintiff filed an acceptance of defendant's offer on November 10, 1978 and submitted an order for the entry of judgment with costs and interest. Defendant objects to that portion of the proposed order which provides for the addition of prejudgment interest.
The issue presented is a narrow one: Where plaintiff in a tort action accepts a defendant's offer to allow judgment in a specified amount, may the court allow an award of prejudgment interest on the judgment?
Plaintiff argues that the court has the authority to make such an award based on R. 4:42-11(b), which states:
Except where provided by statute with respect to a public entity or employee, the court shall, in tort actions, including products liability actions, include in the judgment simple interest at 8% per annum on the amount of the award from the date of the institution of the action or from a date of 6 months after the date of the tort, whichever is later, provided that in exceptional cases the court may suspend the running of such prejudgment interest.
Plaintiff contends that under this rule prejudgment interest is mandatory in all cases except where "exceptional" circumstances exist, Ford v. Garvin, 127 N.J. Super. 391 (App. Div. 1974), and that a court's discretion to withhold an award of prejudgment interest should be "most cautiously exercised." *199 Pressler, New Jersey Court Rules, 707 (1977). Indeed, in Kotzian v. Barr, 152 N.J. Super. 561 (App. Div. 1977), the Appellate Division stated:
* * * prejudgment interest can consequently be withheld only where it is demonstrated that the policy, spirit and intent of the rule [R. 4:42-11(b)] are patently inapposite to the circumstances at hand. [at 565]
The court went on to say, in Kotzian, that the purpose of a prejudgment interest award is not punitive, but rather compensatory,
* * * and is intended to indemnify plaintiff for the loss of income he presumably would have earned had the money due him been earlier paid. Conversely, it is also compensatory and not punitive in that defendant presumably himself has had the use of the money on which he has presumptively earned, or at least has had the opportunity to earn, income which is rightfully plaintiff's. The intended effect of the interest award, therefore, is to place both parties in exactly the same position each would have been in, without loss to either, had the plaintiff's claim been promptly paid. [at 565]
Also, the Supreme Court in Busik v. Levine, 63 N.J. 351, 359 (1973), harbored the expectation that by exposing a defendant to an award of prejudgment interest, it would "induce prompt defense consideration of settlement possibilities."
Defendant contends that court rules, R. 4:42-11(b) (prejudgment interest) and R. 4:58-1 et seq. (offer of judgment), read together, do not support plaintiff's demand for prejudgment interest on an accepted offer of judgment. R. 4:42-11(b) specifically provides for prejudgment interest at the rate of 8% a year on the "amount of the award." Defendant further contends that the "award" referred to is the amount of damages awarded by a judge or jury and not pursuant to an offer of judgment by a nonclaimant under R. 4:58-1 et seq.
The term "award" has been stated as a judgment formed and pronounced, Hoff v. Taylor, 5 N.J.L. 829, 833 (Sup. Ct. 1820), and has been said to mean a judgment, sentence or final decision made after examination and deliberation. *200 State ex rel. Engle v. Industrial Comm'n, 142 Ohio St. 425, 52 N.E.2d 743, 747 (Sup. Ct. 1944); Baldwin v. Moses, 319 Mass. 401, 66 N.E.2d 24 (Sup. Ct. 1946); Millsaps v. Estes, 137 N.C. 535, 50 S.E. 227 (Sup. Ct. 1905); Olston v. Oregon Water Power Co., 52 Or. 343, 96 P. 1095 (Sup. Ct. 1908).
There is, therefore, no court rule or case law precedent for awarding prejudgment interest in offer of judgment cases. The question, then, arises whether an offer to allow judgment is more closely aligned with a final judgment, where prejudgment interest is allowed, or with a settlement, as defendant contends, where prejudgment interest is not allowed.
Plaintiff argues that by invoking R. 4:58 defendant is permitting a final judgment to be entered, as contrasted to a settlement, which does not culminate in a final judgment but rather with a stipulation of dismissal.
Defendant, however, argues that there is no "award" here, as contemplated by R. 4:42-11(b), nor is there a final judgment resulting from a trial on the merits; thus, this is not like a final judgment at all. The offer and acceptance of judgment is an agreement by the parties before the trial, and defendant contends this is more akin to a settlement and therefore no interest is to be awarded.
In reviewing R. 4:58 this court must look at what is being dealt with  namely, an offer of judgment. This is not a judgment that is binding upon defendant. Plaintiff is certainly not bound by this offer. It is merely an offer, and plaintiff has every right to refuse it. In considering this offer plaintiff must weigh the various risks, i.e., the amount of money offered, the likelihood of plaintiff prevailing at trial, the time and expense of litigation, etc., before deciding its acceptability. Plaintiff can refuse the offer or plaintiff may submit an offer to take judgment in his favor, and defendant can submit new offers within the time limits prescribed in the rule. Because of the options afforded plaintiff and the fact the entire procedure precedes trial, this court determines that an offer to allow judgment is more akin *201 to a settlement than an award of final judgment and on these grounds prejudgment interest would not be allowed.
An Appellate Division case which tangentially touches the issue is Ford v. Garvin, 127 N.J. Super. 391 (App. Div. 1974). The court in dictum stated:
The offer of judgment rules, R. 4:58-1 et seq., which were promulgated with R. 4:42-11(b) in mind, give trial counsel ample opportunity to submit offers of judgment and avoid paying prejudgment interest, and in fact give them other monetary advantages. [at 393]
Although this language was not essential for the disposition of the limited issue of that case, it does offer an appellate view of the issue.
Plaintiff's policy arguments for allowing prejudgment interest in offer of judgment cases, that prejudgment interest is compensatory and not punitive, that it is only to make the parties equal to the positions they would have been in had the money due been paid earlier, and that it would induce early out-of-court settlements on the surface, are sound policy reasons. This court agrees that by subjecting defendants to prejudgment interest a substantial incentive to settle early and avoid the interest exists. However, if prejudgment interest is allowed where an offer of judgment is made, a defendant will merely lower the offer to a point where the offer plus the computed interest will equal the actual offer, thus negating any real monetary value of the interest over and above the actual offer. Though this court favors the policy reasons supporting the allowance of judgment interest, it believes they are not particularly applicable in an offer of judgment situation.
The rules of our court do not provide for prejudgment interest when an offer of judgment is accepted and a judgment is entered. The judgment resulting from plaintiff's acceptance of an offer of judgment is more akin to a settlement than a judgment after trial. Therefore, prejudgment interest is not to be included in a judgment entered pursuant to plaintiff's acceptance of defendant's offer of judgment.