775 A.2d 547 (2001)
341 N.J. Super. 400
ELRAC, INC., t/a Enterprise Rent A Car, Plaintiff-Respondent,
v.
Carlos BRITTO, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued February 27, 2001.
Decided June 25, 2001.
*548 Robert J. Bennett, Jr., argued the cause for appellant (Betsch and Bennett, attorneys; Mr. Bennett, on the brief).
Scott H. Sekuler, Manalapan, argued the cause for respondent.
Before Judges PRESSLER[*], KESTIN and ALLEY.
The opinion of the court was delivered by KESTIN, J.A.D.
This matter involves the interplay between R. 4:58, the "offer of judgment" rule, and the time requirements of R. 4:21A, the rule governing mandated "arbitration of certain personal injury actions[.]" Defendant appeals from the trial court's orders denying his motion for an award of counsel fees and costs pursuant to R. 4:58-3, and his motion for reconsideration or, in the alternative, for leave pursuant to R. 4:50 to extend the time to confirm an arbitration award. We reverse and remand.
Plaintiff, a car rental company, sued defendant, a customer, for damages resulting from the wreck of a vehicle he had rented. The wreck occurred after defendant fell asleep at the wheel while driving plaintiff's vehicle. Defendant, who had purchased a "full collision damage waiver" in the rental agreement, raised that coverage as a defense and counterclaimed for consumer fraud. Plaintiff contended that defendant had driven recklessly and imprudently, an exclusion under the collision damage waiver.
Relatively early in the progress of the matter, defendant made an offer of judgment for $25. At some later point plaintiff, too, made an offer of judgment for $1 on the counterclaim. Neither party accepted the other's offer. The matter was seen as subject to arbitration pursuant to R. 4:21A and was arbitrated. On December 9, 1999, an arbitration award was entered in which each party was determined to have no liability for the claim of the other.
Neither party moved for confirmation of the arbitration award and, on January 14, 2000, thirty-six days after the arbitrator's report and award had been entered, defendant moved for an award of counsel fees and costs based on R. 4:58-3. By the time the trial court considered the motion, on March 17, 2000, the fifty-day time period provided by R. 4:21A-6(b) for confirming the arbitration award had expired. The trial court denied the motion. In an oral disposition, the judge stated that the denial was based upon the fact that neither party had filed a demand for de novo review or a motion to confirm the award and that, failing such action by either party, *549 the case had been procedurally dismissed as provided in R. 4:21A-6(b).
Defendant then moved for reconsideration or, in the alternative, for relief pursuant to R. 4:50, i.e., so that the time for confirming the arbitration award could be extended. The judge denied that motion. In her written statement of reasons, she said:
The offer of judgment rule is intended to encourage and promote settlement, to have attorneys evaluate a case and look to resolve it financially. Here, both sides made an offer, of nominal amounts, yet there was no effort to really settle the case. There was limited discovery, summary judgment, and strategy by counsel in continuing to defend (or prosecute) in view of counsel fees that had been incurred. Arbitration resulted in no liability to either party; neither party moved for trial de novo; neither moved to confirm. Rather, applications for counsel fees were filed. Again, the offer of judgment rule was not being employed to settle or resolve a case, but to inflame it.
The Court is satisfied that formal confirmation of an arbitration award is a prerequisite to counsel fee consideration under Rule 4:58. There is no basis to grant confirmation nunc pro tunc, even under Sprowl [v. Kitselman, 267 N.J.Super. 602, 632 A.2d 540 (App.Div.1993) ], since the relaxation of the time frame does not promote "finality" but rather continues conflict. This case is unique and new in this concept. The court's decision is reaffirmed.
We disagree with the trial court's resolution of the intersecting policies underlying the offer of judgment rule, R. 4:58, and the arbitration rule, R. 4:21A. Accordingly, we reverse and remand.
Rule 4:58-1 sets forth the standard for making and accepting an offer of judgment. The consequences of non-acceptance are spelled out in R. 4:58-2 in respect of a non-claimant's rejection and in R. 4:58-3 in respect of a claimant's rejection. "Both rules provide that if the judgment is at least as favorable to the offering party as his rejected offer," the offeror is entitled to costs of suit, litigation expenses, and attorney's fees incurred after the date of non-acceptance as prescribed by R. 4:58-2. Pressler, Current N.J. Court Rules, comment on R. 4:58 (2001). In this matter, plaintiff's rejection of defendant's offer of judgment for $25 is governed by R. 4:58-3.
The provisions of R. 4:58 are applicable to arbitration proceedings. R. 4:21A-3. "[T]he references in R. 4:58 to judgment and verdict [are] construed to mean arbitration award or decision[.]" Ibid. Nothing in the terms of R. 4:21A-3 specifically or necessarily requires, in order for the fee entitlement principle of R. 4:58 to operate, that the arbitration award be confirmed within the fifty days provided in R. 4:21A-6(b)(2) or (3), as the motion judge concluded. In order to promote the salutary policies upon which R. 4:58 is premised, where an offer of judgment that has been made and rejected is at least as favorable as the subsequent arbitration award or decision and no de novo demand has been made, the offeror is entitled to the remedies available under the offer of judgment rule, and R. 4:21A should be liberally interpreted and applied to that end.
R. 4:21A is also premised upon important considerations of judicial administration, and the time limits established therein should not be disregarded. R. 4:50-1 provides a flexibility mechanism that can be used fruitfully to harmonize the other two rules when an operational conflict *550 exists which cannot be resolved by the standards directly available under R. 4:21A.
The trial court should have granted defendant's motion for leave to extend the time to confirm the arbitrator's award or, in the alternative, for relief from the administrative or "procedural" dismissal that had occurred so that the issue of extension could be dealt with directly. Doing so would not have been an undue disruption of the standards of R. 4:21A-6(b).
Motions to confirm an arbitration award beyond the fifty-day time period are to be granted liberally. See, e.g., Allen v. Heritage Court Assocs., 325 N.J.Super. 112, 118, 737 A.2d 1158 (App.Div.1999); Sprowl, supra, 267 N.J.Super. at 607, 610, 632 A.2d 540. In Sprowl, we stated that "[i]f a late application to confirm the award is made prior to the entry of the order dismissing the case, the fifty-day provision may be relaxed unless good cause to the contrary is shown. If relief is sought after the entry of the order ... the standards of R. 4:50-1 shall control." Id. at 607, 632 A.2d 540; see also Allen, supra, 325 N.J.Super. at 117, 737 A.2d 1158. Relaxation of the fifty-day time period is consistent with public policy. While a late demand for a trial de novo frustrates the primary goal of R. 4:21A, the swift, cost-effective resolution of disputes, see id. at 116, 737 A.2d 1158; Hartsfield v. Fantini, 149 N.J. 611, 619, 695 A.2d 259 (1997), a late motion for confirmation generally "promotes the finality of an arbitration award." Sprowl, supra, 267 N.J.Super. at 610, 632 A.2d 540; see also Allen, supra, 325 N.J.Super. at 116-17, 737 A.2d 1158. And, in a case such as this, relaxation can and should, where appropriate, be employed to promote other policies, such as those embodied in R. 4:58.
It is significant that defendant moved for counsel fees and costs in advance of the fifty-day confirmation deadline. We disagree with the motion judge's refusal to relax the deadlinewhich had expired while the motion awaited consideration by the courton the grounds that "the offer of judgment rule was not being employed to settle or resolve a case, but to inflame it", and that "[t]here [wa]s no basis to grant confirmation nunc pro tunc, even under Sprowl, since the relaxation of the time frame does not promote `finality' but rather continues conflict." In reaching this conclusion, by identifying achievement of the remedy established in R. 4:58 solely with the underlying policy for shortcutting litigation, the trial court lost sight of other fundamental purposes of R. 4:58.
"The offer-of-judgment rule is `designed particularly as a mechanism to encourage, promote, and stimulate early out-of-court settlement of negligence and unliquidated damages claims that in justice and reason ought to be settled without trial.'" Schettino v. Roizman, Dev., Inc., 158 N.J. 476, 482, 730 A.2d 797 (1999) (paraphrasing Crudup v. Marrero, 57 N.J. 353, 357, 273 A.2d 16 (1971)). It seems clear that defendant's purpose in making the offer of judgment was to promote settlement; and that defendant should not be punished for his refusal to consent to a voluntary dismissal, thereby losing his ability to collect counsel fees and costs under R. 4:58.
Finally, there is nothing in the record indicating that defendant's conduct in the litigation or any position he took could be seen as having been suffused with bad faith. We believe that there was no reason for the trial court to have refused to apply the reasoning of Sprowl to extend the time to confirm the arbitrator's award. Defendant was not "seeking to relax time requirements in order to defeat arbitration," but rather to avail himself of the *551 benefits of the process. Sprowl, supra, 267 N.J.Super. at 609, 632 A.2d 540.
Reversed and remanded for the setting of a counsel fee.
NOTES
[*] Judge Pressler did not participate in oral argument, but has, with the consent of counsel, been added to the panel deciding the matter.