834 A.2d 1074 (2003)
364 N.J. Super. 188
Margaret T. McMAHON, Plaintiff-Respondent,
v.
NEW JERSEY MANUFACTURERS INSURANCE COMPANY, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued October 9, 2003.
Reargued November 6, 2003.
Decided November 18, 2003.
*1075 Daniel J. Pomeroy argued the cause for appellant (Mortenson and Pomeroy, attorneys; Daniel J. Pomeroy, Springfield and Karen E. Heller, New York, NY, on the brief).
Ronald Spevack, Iselin, argued the cause for respondent on October 9, 2003; Howard H. Sims, Washington, DC, argued the cause for respondent on November 6, 2003 (Spevack & Cannan, attorneys; Mr. Sims, of counsel and on the brief).
R.C. Westmoreland argued the cause for Amicus Curiae, Association of Trial Lawyers of America New Jersey, on November 6, 2003 (Westmoreland, Vesper and Schwartz, attorneys; Mr. Westmoreland and Kathleen F. Beers, on the brief).
Before Judges KING, LINTNER and LISA.
The opinion of the court was delivered by LINTNER, J.A.D.
We must determine whether an insurance company that suffers an adverse jury verdict in excess of its underinsured liability limits is subject to the consequences of the Offer of Judgment rule, after rejecting its insured's offer to settle within those limits. We hold that the Offer of Judgment rule is applicable to both Uninsured (UM) and Underinsured (UIM) benefits and, therefore, a carrier is subject to the consequences of the rule, namely, exposure to reasonable litigation expenses, reasonable attorney's fees, and interest, even though the cost of those consequences, following a de novo jury damage award, subjects the carrier to a judgment in excess of the liability limits of the policy.
Plaintiff, Margaret McMahon, was injured in an automobile accident on June 16, 1995, when her vehicle collided with a vehicle operated by Anthony Cocuzza. At the time, she was covered by an automobile insurance policy issued by defendant, New Jersey Manufacturers Insurance Company (NJM), providing $300,000 in UIM benefits. Cocuzza's liability carrier tendered its liability limits totaling $125,000. After NJM refused to participate in UIM arbitration, plaintiff brought suit in the Law Division. Prior to trial, plaintiff served NJM with an Offer of Judgment in the amount of $129,000, pursuant to R. 4:58-1. NJM rejected plaintiff's offer and opted to go to trial. Following a jury award of $500,000, plaintiff moved to enter judgment against NJM for $175,000, the liability limits remaining on its policy, along with interest, attorney's fees, and litigation costs as consequences of its non-acceptance of her offer to take judgment pursuant to R. 4:58-2.
The motion judge entered a judgment of $175,000, together with a total of $16,715.41 for interest, attorney's fees, and litigation expense. NJM does not contest the reasonableness of the award. On appeal, NJM concedes that UM and UIM benefits litigation is subject to the consequences of the Offer of Judgment rule when application of the award pursuant to R. 4:58-2 brings the total to an amount equal to or less than its policy limits. It maintains, however, that it is not subject to awards for interest, attorney's fees, or litigation expenses as a consequence of the Offer of Judgment rule in excess of its limits of liability. NJM reasons that UM and UIM litigation is contractual in nature and, therefore, the contractual provisions of its insurance contract limit its exposure, notwithstanding the provisions of the Offer of Judgment rule. We disagree.
R. 4:58-1, Time and Manner of Making and Accepting Offer, provides in pertinent part:

Except in a matrimonial action, any party may, at any time more than 20 *1076 days before the actual trial date, serve upon any adverse party, without prejudice, and file with the court, an offer to take judgment in the offerer's favor ... for a sum stated therein or for property or to the effect specified in the offer (including costs). If at any time on or prior to the 10th day before the actual trial date the offer is accepted, the offeree shall serve upon the offeror and file a notice of acceptance with the court.... If the offer is not accepted on or prior to the 10th day before the actual trial date or within 90 days of its service, whichever period first expires, it shall be deemed withdrawn and evidence thereof shall not be admissible except in a proceeding after the trial to fix costs, interest and attorney's fee. The fact that an offer is not accepted does not preclude a further offer within the time herein prescribed in the same or another amount or as specified therein. (Emphasis added).
R. 4:58-2, Consequences of Non-acceptance of Claimant's Offer, which was last amended in July 2000, and took effect on September 5, 2000, provides:
If the offer of a claimant is not accepted and the claimant obtains a verdict or determination at least as favorable as the rejected offer, the claimant shall be allowed, in addition to costs of suit, (a) all reasonable litigation expenses incurred following non-acceptance; (b) eight per cent interest on the amount of any money recovery from the date of the offer or the date of completion of discovery, whichever is later; and (c) a reasonable attorney's fee, which shall belong to the client, for such subsequent services as are compelled by the non-acceptance. In an action for unliquidated damages, however, no allowances under this rule shall be granted to the offeror unless the amount of the recovery is in excess of 120% of the offer. A claimant entitled to interest under R. 4:42-11(b) shall be allowed interest under this rule only to the extent it may exceed the interest allowed under R. 4:42-11(b). (Emphasis added).
R. 4:58-2 was "designed particularly as a mechanism to encourage, promote and stimulate early out-of-court settlement...." Crudup v. Marrero, 57 N.J. 353, 357, 273 A.2d 16 (1971). Its purpose is similar to the reason given for awarding prejudgment interest pursuant to R. 4:42-11(b), namely to encourage defendants to settle worthy cases. Heim v. Wolpaw, 271 N.J.Super. 538, 543, 638 A.2d 1373 (App. Div.), certif. denied, 137 N.J. 316, 645 A.2d 143 (1994); see also Busik v. Levine, 63 N.J. 351, 307 A.2d 571, appeal dismissed, 414 U.S. 1106, 94 S.Ct. 831, 38 L.Ed.2d 733 (1973). Kotzian v. Barr, 81 N.J. 360, 408 A.2d 131 (1979), is illustrative. In Kotzian, the plaintiffs' demand for settlement was well in excess of the defendant's liability carrier's $15,000 policy limits, which was offered on behalf of the defendant. Id. at 361, 408 A.2d 131. Sometime after the plaintiffs rejected the offer, the carrier deposited the $15,000 limits with the clerk of the court. Ibid. Finding under the circumstances that prejudgment interest was not warranted, the Court stated:
Were policy limits not involved, we would have little difficulty in concluding that prejudgment interest should be assessed in this case. Surely ... [the carrier] could have immediately deposited the policy limits into court, as it eventually did. However, we are not prepared to say that [the carrier's] failure to have made an earlier deposit of its full policy limits, having sought early in the proceedings to make the money available to plaintiffs by its offer, should result in [the carrier] being required to pay over and above the amount contracted for with its assured. That is not to say that the insurance contract is so *1077 sacrosanct that misconduct or bad faith on the part of the carrier would protect it against a claim for prejudgment interest over its policy limits; but that is not the case here....
[Id. at 367, 408 A.2d 131 (citations omitted).]
NJM points out that the prejudgment interest is limited to tort actions and, therefore, cannot be relied upon here. NJM also rationalizes that the Offer of Judgment rule, like the prejudgment interest rule, applies only to tort claims and, therefore, cannot provide a basis for awarding monies in excess of the contractual liability limits. We are not convinced.
R. 4:58-1 expressly excepts only matrimonial actions. Moreover, the provisions of R. 4:58-2 were amended in July 2000 in part to eliminate the word "negligence" found in the phrase "[i]n actions for negligence or unliquidated damage" used in previous versions. The recent amendment uses "unliquidated damages" only to describe those cases in which attorney's fees can be awarded if the recovery is in excess of 120% of the offer. The rule does not draw a distinction between tort or contract actions. UM and UIM, by their nature, are hybrid claims. Although contractual underpinnings provide the standing to bring a UM and UIM claim, in order to succeed the insured must establish negligence, proximate cause, and personal injury damages. Regardless of the label used to describe the nature of UM and UIM claims, the damages sought are unliquidated. As such, they are expressly covered by R. 4:58-2.
More importantly, we are satisfied that the policy limits, as explained in Kotzian, are not so "sacrosanct" to afford protection to a carrier where it chooses not to participate, despite having the opportunity and ability to do so, in the activity fostered by the rule to avoid the very sanction imposed for non-participation. We recognize that there is a difference in the circumstances outlined in Kotzian and those here. Kotzian talked in terms of "bad faith" and "misconduct" as appropriate rationale to trigger an award of prejudgment interest in excess of the policy limits. There is nothing in this record to support the proposition that NJM's decision to reject plaintiff's offer was based upon anything other than its genuine belief in the reasonable value of the case. As such, NJM's decision not to accept plaintiff's offer to take judgment or make a counter offer did not constitute misconduct. Moreover, there can be no bad faith here because the insured is the claimant and, therefore, not exposed to an award in excess of the policy limits. See Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 501-02, 323 A.2d 495 (1974). Nevertheless, absence of bad faith or misconduct does not afford relief under R. 4:58-2. Unlike the award of prejudgment interest, which can be disallowed by the court's exercise of discretion in exceptional cases, the consequences of non-acceptance of a plaintiff's offer under R. 4:58-2 are mandatory.
Accordingly, we affirm.