897 A.2d 429 (2006)
385 N.J. Super. 419
Nancy A. PALMER, Plaintiff-Respondent,
v.
Kaleena KOVACS and Steven Kovacs, Defendants-Appellants.
Nancy A. Palmer, Plaintiff-Appellant,
v.
Kaleena Kovacs and Steven Kovacs, Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued January 18, 2006.
Remanded February 6, 2006.
Resubmitted March 9, 2006.
Decided May 16, 2006.
*430 James D. Carton, III, Manasquan, argued the cause for appellants in A-0956-04T5 and respondents in A-1257-04T5 (Carton Law Firm, attorneys; Mr. Carton, on the brief.).
Michael J. Hanus, Woodbridge, argued the cause for respondent in A-0956-04T5 and appellant in A-1257-04T5 (Gill & Chamas, attorneys); Mr. Hanus, on the brief.
Before Judges SKILLMAN, AXELRAD and SABATINO.
The opinion of the court was delivered by
SABATINO, J.S.C., (temporarily assigned).
As we noted in our opinion dated February 6, 2006, the present appeal and cross-appeal raise multiple issues arising out of a final judgment entered in favor of plaintiff following a four-day jury trial of this automobile accident case in August 2004. In our first opinion we affirmed the trial court's denial of summary judgment to defendants under the Automobile Insurance Cost Reduction Act of 1998 ("AICRA"), N.J.S.A. 39:6A-8, given the sufficiency of plaintiff's injuries and corresponding medical proofs to surmount the AICRA verbal threshold. We also remanded the case to the trial judge for an amplified statement of reasons pursuant to R. 1:7-4(a), more fully expressing his rationale for denying defendants' motion for a new trial or, alternatively, for the remittitur of the jury's $460,000 damages award.
We have since received and reviewed a transcript of the trial judge's amplified statement of reasons, in which he reaffirmed his original denial of defendants' post-trial motion and further explained his basis for that disposition. With the benefit of that submission, we now address defendants' appeal on that particular issue. We also resolve the remaining appellate issues, which concern the trial court's award of counsel fees and other sanctions pursuant to the offer-of-judgment rule, R. 4:58, and its calculation of the supersedeas bond defendants were required to post on appeal pursuant to R. 2:9-6.
Briefly, this case involves an intersection accident on April 10, 2000 in which an automobile driven by plaintiff Nancy Palmer, who was then age twenty-three, was struck by a vehicle operated by defendant Kaleena Kovacs. The force of the collision caused plaintiff's airbag to deploy. Plaintiff sustained neck and back injuries, as *431 reflected by MRI studies and medical examinations, which persisted for more than two years following the accident. Summary judgment on liability was granted in favor of plaintiff.[1] The ensuing trial solely addressed damages, and plaintiff's proofs included no claims for economic loss. The jury awarded her $460,000 for past and prospective pain and suffering.
We now affirm the denial of the defendants' motion to set aside or remit the verdict, modify the trigger dates used by the trial court in shifting fees and other allowances to plaintiff under R. 4:58, and affirm the trial court's calculation of the requisite supersedeas bond pending further proceedings.

I.
[At the direction of the Court, the published version of this opinion omits Part I, which addresses defendant's motion to set aside the verdict on grounds of excessiveness, and Part III, which addresses the calculation of the supersedeas bond posted pending appeal. See R. 1:36-3.]

II.
We next address plaintiff's cross-appeal seeking to modify the trial court's calculation of fees, costs and prejudgment interest pursuant to the offer of judgment rule, R. 4:58-1.
The pertinent chronology is as follows. On March 6, 2002, plaintiff filed and served upon defendants an initial offer of judgment for the sum of $20,000. The defendants did not accept that offer within the ninety-day period for acceptance. After discovery was completed, the case went to arbitration in January 2003, and the arbitrator made a net award to plaintiff of $22,500. Defendants timely rejected the arbitration award in February 2003 and requested a trial de novo. In March 2003, the trial court granted plaintiff summary judgment on liability issues, and in October 2003, the trial court denied defendants' motion for summary judgment under the AICRA verbal threshold. On July 8, 2004, plaintiff filed and served a second offer of judgment in the reduced sum of $10,000. Defendants likewise failed to accept that offer, and the case went to trial on August 3, 2004.
Following the jury's damages verdict, the trial judge determined that plaintiff had obtained a verdict that was 120% or more of her pre-trial offers. See R. 4:58-2. The judge then had to determine whether plaintiff's right to an allowance of counsel fees, costs of suit and enhanced interest under the Rule had been created by plaintiff's original offer in March 2002 or, alternatively, by plaintiff's second offer in July 2004. Plaintiff argued that the date of the first offer controlled the calculation; defendants argued that the date of the second offer governed.
After considering the arguments of counsel on this issue, the trial judge concluded that the second offer of judgment tendered on July 8, 2004 triggered the calculation of sums to be shifted to defendants under the Rule. Using that July 8, 2004 trigger date, the trial court awarded plaintiff $10,813.00 in attorneys fees and $4,175.00 in litigation costs. The trial court also calculated prejudgment interest on the verdict at $74,707.46. The interest was computed based upon a combination of the enhanced eight percent (8%) interest rate prescribed by R. 4:58-2 for the limited period from July 8, 2004 through the date of entry of the judgment, and the ordinary prejudgment interest rate under R. 4:42-11(b) applied to the period before July 8, 2004.
*432 Although the offer of judgment rule was modified effective September 1, 2004, counsel agreed at oral argument before us that the terms of the Rule which had been in effect in August 2004 control this appeal. Specifically, R. 4:58-1 then provided as follows:
Except in a matrimonial action, any party may, at any time more than 20 days before the actual trial date, serve upon any adverse party, without prejudice, and file with the court, an offer to take judgment in the offeror's favor, or as the case may be, to allow judgment to be taken against the offeror, for a sum stated therein or for property or to the effect specified in the offer (including costs). If at any time on or prior to the 10th day before the actual trial date the offer is accepted, the offeree shall serve upon the offeror and file a notice of acceptance with the court. The making of a further offer shall constitute a withdrawal of all previous offers made by that party. An offer shall not, however, be deemed withdrawn upon the making of a counter-offer by an adverse party but shall remain open until accepted or withdrawn as is herein provided. If the offer is not accepted on or prior to the 10th day before the actual trial date or within 90 days of its service, whichever period first expires, it shall be deemed withdrawn and evidence thereof shall not be admissible except in a proceeding after the trial to fix costs, interest and attorney's fee. The fact that an offer is not accepted does not preclude a further offer within the time herein prescribed in the same or another amount or as specified therein.

[Emphasis added.]
Additionally, R. 4:58-2, regarding the consequences of a defendant's non-acceptance of a claimant's offer, prescribed:
If the offer of a claimant is not accepted and the claimant obtains a verdict or determination at least as favorable as the rejected offer, the claimant shall be allowed, in addition to costs of suit, (a) all reasonable litigation expenses incurred following non-acceptance; (b) eight per cent interest on the amount of any money recovery from the date of the offer or the date of completion of discovery, whichever is later; and (c) a reasonable attorney's fee, which shall belong to the client, for such subsequent services as are compelled by the non-acceptance. In an action for unliquidated damages, however, no allowances under this rule shall be granted to the offeror unless the amount of the recovery is in excess of 120 percent of the offer.[4]
A claimant entitled to interest under R. 4:42-11(b) shall be allowed interest under this rule only to the extent it may exceed the interest allowed under R. 4:42-11(b).
Defendants persuaded the trial judge that these provisions, when read in combination, required plaintiff's allowance to counsel fees, litigation expenses and enhanced prejudgment interest under R. 4:58 to be measured from the date that plaintiff's second and final offer of judgment was served. We disagree, as such an interpretation of the trigger date is inconsistent with both the terms of the Rule and the policies that it is crafted to serve.
The offer of judgment rule is designed to promote early settlement, by *433 creating disincentives for litigants to reject reasonable offers of compromise tendered under the Rule. See Schettino v. Roizman Dev., Inc., 158 N.J. 476, 482, 730 A.2d 797 (1999); Sovereign Bank v. United Nat'l Bank, 359 N.J.Super. 534, 542, 821 A.2d 87 (App.Div.), certif. denied, 177 N.J. 489, 828 A.2d 917 (2003). To advance those policies, the Rule requires the recipient of an offer of judgment to react to it in a prompt fashion. Specifically, the offeree can only accept the proposed terms within ninety (90) days of its service, or prior to ten (10) days before the actual trial date, whichever is sooner. If the offeree does nothing within these time constraints, the offer automatically expires.
Applying these principles here, plaintiff's first offer of judgment of March 6, 2002 lapsed ninety days later on June 4, 2002. Once that date passed, defendants forfeited the opportunity to settle the case for $20,000 without bearing the fee-shifting consequences of the Rule. Plaintiff could have refused to settle the case for $20,000, or, for that matter, for any other sum, once the ninety-day acceptance period had terminated.
We next consider whether plaintiff's voluntary decision to tender a second offer of judgment more than two years later in July 2004 eliminates the fee-shifting consequences of the defendants' failure to accept plaintiff's first offer. The final sentence of R. 4:58-1 authorizes such a follow-up offer, explaining that "[t]he fact that an offer is not accepted does not preclude a further offer within the time herein prescribed in the same or another amount . . . [.]" R. 4:58-1. As set forth in the first sentence of that provision, "the time herein prescribed" refers to "any time more than twenty days before the actual trial date." R. 4:58-1.
Accordingly, plaintiff had the right under the Rule to tender additional offers of judgment upon defendants up until July 14, 2004, twenty days before the trial which commenced on August 3, 2004. That right to present subsequent offers of judgment promotes the goals of settlement. As a case progresses, a litigant presumably will become better informed  through discovery, motion practice, and arbitration or other alternative dispute resolution events  of the merits and weaknesses of his or her case or defenses. Hence, the Rule sensibly allows a litigant to recalibrate his or her original settlement position with the insights gained through that pretrial phase. Thus, if a plaintiff were too rosy-eyed in his or her original assessment of the case (or if, conversely, a defendant were too pessimistic), the Rule provides subsequent opportunities for that plaintiff to reduce his or her settlement demands (or for a defendant to raise his or her settlement offers), as expressed in prior offers of judgment, up to the twentieth day preceding trial.
Recognizing these inherently dynamic characteristics of litigation and also the settlement-minded objectives of the Rule, the service of a subsequent offer of judgment logically should not be deemed to extinguish the fee-shifting consequences of prior offers served under the Rule and rejected. A contrary interpretation would discourage litigants from making new offers of judgment as a case progressed. We do not believe that the drafters intended the Rule to be interpreted to create such disincentives, particularly in a scenario where, as here, a plaintiff offeror reduces her settlement demand in a later offer of judgment. If plaintiff Nancy Palmer simply had done nothing after her original offer was implicitly rejected by the defense, the fee-shifting clock would have started on June 4, 2002, the date by which defendants' opportunity to accept her offer expired. Plaintiff should be no worse off *434 under the Rule for offering defendants a second chance to settle the case in 2004 with a renewed and revised offer of judgment.
We thus hold that plaintiff's service of a second, lesser offer of judgment in July 2004 did not negate the fee-shifting consequences created by defendants' failure to accept plaintiff's first offer from March 2002. Rather, after the second offer of judgment for $10,000 was tendered and refused, defendants thereafter faced two independent fee-shifting risks at trial. First, if the jury's verdict was more than $24,000 (i.e., 120% of $20,000), then defendants would be liable for plaintiff's reasonable counsel fees and costs accruing from June 4, 2002, ninety days after service of the first offer of judgment for $20,000. Second, if the verdict exceeded $12,000 (i.e., 120% of $10,000) but was less than $24,000, then defendants were liable for plaintiff's reasonable fees and costs accruing from July 24, 2004, ten days before the actual trial date. R. 4:58-1.
For these reasons, the trial court erred in utilizing the plaintiff's second offer of judgment as the triggering event for fee-shifting under the Rule. Because the jury's verdict was well in excess of $24,000, plaintiff is entitled to an allowance of her reasonable counsel fees and litigation expenses accruing from June 4, 2002, ninety days after the first offer of judgment was served on March 6, 2002. Additionally, plaintiff is entitled to enhanced prejudgment interest of eight percent calculated from the date of the completion of discovery, i.e., November 21, 2002, rather than the date of the second offer. See R. 4:58-2 (prescribing that the enhanced eight percent interest rate applies "from the date of the offer or the date of the completion of discovery, whichever is later").
We therefore vacate the R. 4:58 allowances computed by the trial judge, and remand for a recalculation of fees, costs and prejudgment interest under the Rule consistent with our analysis herein, using June 4, 2002 as the proper trigger date for the fees and costs and November 21, 2002 as the proper trigger date for the enhanced prejudgment interest.

IV.
In conclusion, the trial court's denial of defendants' motion for a new trial and remittitur is affirmed; its calculation of counsel fees, litigation costs and enhanced prejudgment interest under R. 4:58 is vacated and the case is remanded to the trial court to recalculate those amounts consistent with the respective June 2002 and November 2002 trigger dates; and the present amount fixed for the supersedeas bond is affirmed, subject to potential future modification of that bond as may be necessary consistent with Part III of this opinion. We do not retain jurisdiction.
NOTES
[1] Defendants do not appeal this determination of liability.
[4] Plaintiff's pain and suffering claims were indisputably "unliquidated damages" requiring the verdict to surpass the offer by at least 20%. The present revision of the Rule eliminates the liquidated/unliquidated damages distinction, applying the 20% permissible margin of error across the board. See R. 4:58-2 and R. 4:58-3 (as amended September 1, 2004).