911 A.2d 479

JOHN WIESE AND ELIZABETH WIESE, PLAINTIFFS–APPEL-
LANTS, v. JAMIR D. DEDHIA, DAMYANTI D. DEDHIA AND
RUTGERS CASUALTY INSURANCE COMPANY, DEFEN-
DANTS.

Argued October 11, 2006—Decided December 13, 2006.

*Rudolph C. Westmoreland,* argued the cause for appellants (*Westmoreland Vesper & Quattrone,* attorneys; *Thomas J. Vesper,* on the brief).

Justice LONG delivered the opinion of the Court.

The offer of judgment rule provides that, where, as here, a defendant does not accept a plaintiff's pre-trial settlement offer and the ultimate verdict in the plaintiff's favor exceeds 120% of the offer, counsel fees and other trial costs are recoverable by the plaintiff.[1] *R.* 4:58. In this appeal, we have been asked to delimit the margins of that rule. In particular, we are faced with the question of whether *Rule* 4:58 covers counsel fees and costs incurred on appeal. We hold that it does, and that the consequences of non-acceptance under *Rule* 4:58 are mandatory not only for trial costs but for those incurred on appeal.

## I.

The underlying facts of this case are not in dispute. *Wiese v. Dedhia,* 354 *N.J.Super.* 256, 806 *A.2d* 826 (App.Div.2002), *certif. denied,* 175 *N.J.* 546, 816 *A.2d* 1048 (2003). In brief, on September 10, 1997, plaintiffs, John and Elizabeth Wiese, husband and wife, (collectively "plaintiffs") were injured in an automobile accident. They filed suit against James Dedhia (the driver of the automobile that hit them), the car's owner, and the driver's insurer (collectively "defendants"). Plaintiffs sought to recover for their personal injuries and for Elizabeth's loss of services and consortium. Pursuant to *N.J.S.A.* 39:6A–25a and *Rule* 4:21A–1(a)(1), plaintiffs' claims were submitted to mandatory arbitration and damages of $60,000 (John) and $17,500 (Elizabeth) were awarded. Defendants rejected the arbitration award and demanded a trial de novo pursuant to *Rule* 4:21A–6.

Prior to trial, plaintiffs submitted a joint offer of settlement for $75,000, which defendants rejected. At trial, the negligence breakdown was stipulated at 5% against John, and 95% against

---

[1] Where a defendant is the offeror, the 20% margin of error operates as follows: if the ultimate verdict is 80% of the offer or less, the defendant will be entitled to counsel fees and other trial costs. Pressler, *Current N.J. Court Rules,* comment 2 on *R.* 4:58 (2007).

Dedhia. After ten days of trial, the jury awarded $83,814 to John, reduced by 5% to $79,243.30, and $20,336 to Elizabeth. Plaintiffs then sought counsel fees, costs, and interest pursuant to *Rule* 4:58–2. The trial judge denied the application.

Plaintiffs appealed and the Appellate Division reversed holding that their "combined award of more than $90,000 qualified as being in excess of 120% of the $75,000 joint offer." *Wiese, supra,* 354 *N.J.Super.* at 260, 806 *A.*2d 826. In reaching its conclusion, the panel held that "the offer of judgment rule's effectiveness in promoting the settlement of litigation would be undermined if it were construed to require spousal plaintiffs with interrelated claims, in the absence of any conflict of interest, to submit separate offers of judgment." *Id.* at 262, 806 *A.*2d 826.

On remand, the trial judge awarded plaintiffs counsel fees, costs, and prejudgment interest for the trial and the appeal. Defendants filed an appeal, challenging, among other things, the quantum of fees and costs.

The Appellate Division affirmed and neither party appealed that decision. However, plaintiffs moved for counsel fees and costs incurred on the second appeal, and the Appellate Division denied that motion by order.

Plaintiffs filed a petition for certification that defendants did not oppose. We granted certification, *Wiese v. Dedhia,* 186 *N.J.* 255, 893 *A.*2d 722 (2006), and now reverse.

## II.

Plaintiffs argue that but for defendants' non-acceptance of the offer of judgment, there would not have been a trial and an appeal, and a second appeal. According to plaintiffs, the entire appellate process is totally the result of defendant's rejection of the initial offer of judgment and thus, consistent with the intent and purpose of *Rule* 4:58, defendants should bear the financial consequences.

## III.

At the time of plaintiffs' application for counsel fees for the second appeal, *Rule* 4:58 provided, in relevant part: [2]

> Except in a matrimonial action, any party may, at any time more than 20 days before the actual trial date, serve upon any adverse party, without prejudice, and file with the court, an offer to take judgment in the offeror's favor, or as the case may be, to allow judgment to be taken against the offeror, for a sum stated therein or for property or to the effect specified in the offer (including costs). If at any time on or prior to the 10th day before the actual trial date the offer is accepted, the offeree shall serve upon the offeror and file a notice of acceptance with the court. The making of a further offer shall constitute a withdrawal of all previous offers made by that party. An offer shall not, however, be deemed withdrawn upon the making of a counter-offer by an adverse party but shall remain open until accepted or withdrawn as is herein provided. If the offer is not accepted on or prior to the 10th day before the actual trial date or within 90 days of its service, whichever period first expires, it shall be deemed withdrawn and evidence thereof shall not be admissible except in a proceeding after the trial to fix costs, interest and attorney's fee. The fact that an offer is not accepted does not preclude a further offer within the time herein prescribed in the same or another amount or as specified therein.
>
> [*R.* 4:58–1 (2005).]

The rule further provided for the consequences of non-acceptance of the claimant's offer:

> If the offer of a claimant is not accepted and the claimant obtains a verdict or determination at least as favorable as the rejected offer or, if a money judgment, in an amount that is 120% of the offer or more, excluding allowable prejudgment interest and counsel fees, the *claimant shall be allowed, in addition to costs of suit: (a) all reasonable litigation expenses incurred following non-acceptance;* (b) prejudgment interest of eight percent on the amount of any money recovery from the date of the offer or the date of completion of discovery, whichever is later, but only to the extent that such prejudgment interest exceeds the interest prescribed by *R.* 4:42–11(b), which also shall be allowable; and (c) *a reasonable attorney's fee, which shall belong to the client, for such subsequent services as are compelled by the non-acceptance,* such fee to be applied for within 20 days following entry of final judgment and in accordance with *R.* 4:42–9(b).
>
> [*R.* 4:58–2 (2005) (emphasis added).]

As noted, the question presented is whether the rule was intended to sweep in costs and attorney's fees incurred on appeal.

---

[2] During the litigation of this case, the offer of judgment rule was amended twice. Those amendments do not pertain to the issue before the Court.

When interpreting court rules, we ordinarily apply canons of statutory construction. *E.g., First Resolution Inv. Corp. v. Seker,* 171 *N.J.* 502, 511, 795 *A.*2d 868 (2002); *Douglas v. Harris,* 35 *N.J.* 270, 278, 173 *A.*2d 1 (1961) (applying canons of construction in interpreting court rule). Accordingly, as with a statute, the analysis must begin with the plain language of the rule. *DiProspero v. Penn,* 183 *N.J.* 477, 492, 874 *A.*2d 1039 (2005). The Court must "ascribe to the [words of the rule] their ordinary meaning and significance ... and read them in context with related provisions so as to give sense to the [court rules] as a whole...." *Id.* at 492, 874 *A.*2d 1039 (citations omitted). If the language of the rule is ambiguous such that it leads to more than one plausible interpretation, the Court may turn to extrinsic evidence. *Id.* at 493, 874 *A.*2d 1039.

*Rule* 4:58–2 clearly provides that when a pre-trial offer is rejected and the monetary award exceeds 120% of the offer, the offeror is entitled to "*all* reasonable litigation expenses incurred following non-acceptance." *R.* 4:58–2(a) (emphasis added). The rule further entitles the offeror to attorney's fees "for such subsequent services as are compelled by the non-acceptance." *R.* 4:58–2(c). The rule is cast in mandatory and not exhortatory terms, and, thus, accords judges no discretion regarding whether or not to award attorney's fees and costs of suit in an offer of judgment case. *R.* 4:58–2 (promulgating that such recovery "shall be allowed"); *see also, McMahon v. N.J. Mfrs. Ins. Co.,* 364 *N.J.Super.* 188, 194, 834 *A.*2d 1074 (App.Div.2003) (stating that "the consequences of non-acceptance of a plaintiff's offer under *R.* 4:58–2 are *mandatory*") (emphasis added).

Although defendants have not advanced an ambiguity argument on this appeal and the Appellate Division did not set forth any reasons for denying plaintiffs' motion, we surmise that the rationale underlying the denial was that *Rule* 2:11–4, stating that appellate counsel fees "*may* be allowed by the Appellate Court, *in its discretion,*" trumps *Rule* 4:58–2. *R.* 2:11–4 (emphasis added). We disagree.

Patterned after *Fed.R.Civ.P.* 68, the offer of judgment rule was intended as a procedural mechanism to facilitate the settlement of cases. "Inducement to settlement has remained the fundamental purpose of the rule as it has evolved." Pressler, *supra*, cmt. 1 on *R.* 4:58. We have described the rule as being " 'designed particularly as a mechanism to encourage, promote, and stimulate early out-of-court settlement of ... claims that in justice and reason ought to be settled without trial.' The rule was intended to penalize a party who rejects a settlement offer that turns out to be more favorable than the ultimate judgment." *Gonzalez v. Safe & Sound Sec. Corp.*, 185 *N.J.* 100, 125, 881 *A.*2d 719 (2005) (quoting *Crudup v. Marrero*, 57 *N.J.* 353, 361, 273 *A.*2d 16 (1971)).

In essence, the rule "imposes financial consequences on a party who rejects a settlement offer that turns out to be more favorable than the ultimate judgment." *Schettino v. Roizman Dev.*, 158 *N.J.* 476, 482, 730 *A.*2d 797 (1999). Given those purposes, it would thwart the rule to allow a party who has rejected a settlement to escape mandatory payment for any portion of the costs incurred as a result of his decision.

That reading of the *Rule* 4:58–2 can be reconciled with *Rule* 2:11–4 because the former is specific and the latter general. *Kingsley v. Wes Outdoor Adver. Co.*, 55 *N.J.* 336, 339, 262 *A.*2d 193 (1970) (holding that "when there is a conflict between a general and a specific act, the latter shall prevail"). Put another way, although the discretionary provision of *Rule* 2:11–4 ordinarily governs counsel fees on appeal, it was not meant to take the place of *Rule* 4:58–2, which serves the unique and particular purpose of imposing financial consequences on parties who unwisely reject an offer of settlement and insist on a trial. In sum, all costs as a result of the rejection of an offer of judgment, including those

incurred in Appellate Division and Supreme Court proceedings, fall within the scope of *Rule* 4:58–2.

## IV.

The judgment of the Appellate Division is reversed. The case is remanded to the Appellate Division for the calculation of fees and costs in accordance with the principles to which we have averted.

*For reversal and remandment*—Justices LONG, LaVECCHIA, ZAZZALI, ALBIN, WALLACE and RIVERA–SOTO—6.

*Opposed*—None.