947 A.2d 188

ESTATE OF GALINA OKHOTNITSKAYA, DECEASED, BY LILIA GAZARKH, AS ADMINISTRATRIX AND ADMINISTRATRIX AD PROSEQUENDUM, AND LILIA GAZARKH, INDIVIDUALLY, PLAINTIFFS, v. CARLOS C. LEZAMETA–BENALCAZ, CARLO G. LEZAMETA, FIRST TRENTON INDEMNITY, ABC COMPANIES 1–10 (NAMES BEING FICTITIOUS, REAL NAMES UNKNOWN) AND JOHN DOES 1–10 (SAID NAMES BEING FICTITIOUS, REAL NAMES UNKNOWN), DEFENDANTS.

Superior Court of New Jersey
Law Division Special Civil Part
Bergen County

Argued December 21, 2007—Decided December 21, 2007.

342

*Boris Shmaruk*, for plaintiffs (*Vlasac & Shmaruk, L.L.C.*, attorneys).

*Jerald J. Howarth,* for defendants (*Howarth & Associates, L.L.C.,* attorneys).

DANIEL P. MECCA, P.J.S.C.

This matter arises out of a motor vehicle accident on or about October 5, 2005, in Fair Lawn, New Jersey. A vehicle operated by defendant Carlos Lezameta ("defendant Lezameta" or "Lezameta"), an uninsured driver, struck Galina Okhotnitskaya, the decedent. As a result of the injuries sustained, Ms. Okhotnitskaya passed away some time thereafter. In an effort to prove defendant Lezameta liable for his actions and to recover for damages incurred, the decedent's estate, as well as Lilia Gazarkh, decedent's daughter, (collectively herein "plaintiffs") commenced the instant action on or about May 17, 2006. Plaintiffs, apart from proceeding against defendant Lezameta, also joined First Trenton Indemnity ("FTI"), Gazarkh's car insurer, as co-defendant asserting entitlement to uninsured motorist benefits.

On October 18, 2007, the parties attended an arbitration session. The arbitrator, after finding FTI 100% liable, awarded plaintiffs $90,000 in damages, exclusive of prejudgment interest. The following day plaintiffs' counsel presented FTI with an offer to take judgment as to FTI and Lezameta (collectively herein "defendants") in the amount of $90,000, pursuant to *R.* 4:58–1. The offer provided for its automatic withdrawal if defendants failed to accept "on or prior to the tenth day before the actual trial date or daily or weekly call (whichever is earliest) or within ninety days of service, whichever period first expires." In the event of non-acceptance, plaintiffs informed defendants of their intention to petition the court for interest and attorney's fees as authorized by *R.* 4:58–2.

In response to plaintiffs' offer to take judgment, on November 21, 2007, an adjuster from FTI contacted plaintiffs' counsel and conveyed a willingness to accept the aforesaid offer. According to the adjuster, the insurer deemed the case settled for the amount the offer specified as of that November date. Despite the pur-

ported settlement, no settlement documents have been submitted for court approval at this time.

On November 18, 2007, the *R.* 4:21A–6(a) thirty-day deadline for filing a trial de novo request expired. Neither party had contested the $90,000 arbitration award.

In light of the absence of a trial de novo petition, together with defendants' alleged failure to timely accept the aforesaid offer to take judgment, plaintiffs, during the latter days of November, filed the instant motion pursuant to *R.* 4:21–6(c) to confirm the October 2007 arbitration award. In furtherance of their previously announced intention in the offer to take judgment, plaintiffs now seek to collect an additional $7,500.82 in prejudgment interest, resulting in a total judgment claim of $97,500.82. Plaintiffs assert that the facts of this case justify the award of prejudgment interest pursuant to *R.* 4:42–11(b). This rule mandates prejudgment interest in tort actions upon the entry of judgment, except where a statute provides otherwise.

Defendants assert, in essence, that they properly accepted plaintiffs' offer to take judgment on November 21, 2007, thereby precluding plaintiffs from initiating the instant motion and rendering *R.* 4:21A as well as *R.* 4:42–11 inapplicable to the case at hand.

### Opinion of the Court

■■■ This case involves the novel and narrow issue of whether an offer of judgment, pursuant to *R.* 4:58–1 *et seq.*, is effective when the offer is made one day following a court-ordered non-binding arbitration meeting and the offeror files a motion to enforce the arbitration award upon expiration of *R.* 4:21A–6(a)'s thirty-day period, but before the ninety-day acceptance period for the offer of judgment has not lapsed. After reviewing the necessary statutes and relevant case law, the court concludes that, once made, an offer of judgment constitutes an irrevocable offer to settle a case. In the event the offeree rejects the offer, the offer will only cease to exist pursuant to the automatic expiration provisions set forth in *R.* 4:58–1(b). Consequently, when an

offeror seeks to set aside an offer of judgment or, as here, attempts to confirm an arbitration award at a time when the automatic expiration provisions have not been triggered, the offeror's actions cannot proceed as a matter of law.

### I) *Analysis*

#### A) Mandatory Non–Binding Arbitration

The facts before the court require examination of the interplay of *R.* 4:58–1, on offers of judgment, and *R.* 4:21A, on arbitration of certain civil actions. In relevant part, *R.* 4:21A–1 (a)(1) mandates non-binding arbitration for "[a]ll tort actions arising out of the operation, ... or use of an automobile," such as the personal injury action filed by plaintiff. Generally, an arbitration award is not subject to an appeal and the announcement of an arbitrator's decision spells the end of a case. *See R.* 4:21A–6(a). However, the rule provides that an automatic dismissal of an action will not follow if a party, within thirty days of filing of the arbitration award, officially rejects the award and demands a trial de novo. *R.* 4:21A–6(b)(1). To confirm an arbitration award, *R.* 4:21A–6(b)(3) authorizes a party to petition the Court for such confirmation "and entry of judgment thereon" within fifty days of filing the award. "The judgment of confirmation shall include prejudgment interest, pursuant to *R.* 4:42–11(b)." *Ibid.*

■ *Rule* 4:21–A "implements one of five bills enacted in 1983 to revise this State's no-fault automobile insurance system." *Grey v. Trump Castle Associates, L.P.,* 367 *N.J.Super.* 443, 447, 843 *A.*2d 354 (App.Div.2004) (citing *Hartsfield v. Fantini,* 149 *N.J.* 611, 615, 695 *A.*2d 259 (1997)). It is an attempt to "establish an informal system of settling tort claims arising out of automobile accidents in an expeditious and least costly manner, and to ease the burden and congestion of the State's courts." *Ibid.* (citing *Hartsfield, supra,* 149 *N.J.* at 615, 695 *A.*2d 259.) *See also Peters v. Marriott Corp.,* 278 *N.J.Super.* 327, 335, 650 *A.*2d 1051 (Law Div.1994), (noting that mandatory non-binding arbitration statutes

like *N.J.S.A.* 39:6A–24 *et seq.* and *R.* 4:21A–1 *et seq.* were adopted to encourage settlement).

## B) Offer of Judgment

*Rule* 4:58–1(a) governs the timing and manner of conveying an offer of judgment. In relevant part, the rule states that an offer to take judgment must be for a sum certain and can be accepted at any time on or prior to the tenth day before the first scheduled trial date or daily or weekly call, whichever is the earliest. If the offer is properly accepted, the offeree shall serve upon the offeror and file with the clerk a notice of acceptance. In the event the "offer is not accepted on or prior to the tenth day before the first scheduled trial date or daily or weekly call, whichever is earliest, or within 90 days of its service, whichever period expires first, it shall be deemed withdrawn . . ." *R.* 4:58–1(b)

The offer of judgment rule is "designed particularly as a mechanism to encourage, promote, and stimulate early-out-of-court settlement" of tort cases. *Schettino v. Roizman Development, Inc.,* 158 *N.J.* 476, 482, 730 *A.*2d 797 (1999) (citing *Crudup v. Marrero,* 57 *N.J.* 353, 361, 273 *A.*2d 16 (1971)). *See also Negron v. Melchiorre, Inc.,* 389 *N.J.Super.* 70, 91, 911 *A.*2d 88 (App.Div. 2006), *certif. denied,* 190 *N.J.* 256, 919 *A.*2d 849 (2007) (discussing *R.* 4:58–1 *et seq.* in terms of comments pertaining to *Fed.R.Civ.P.* 68 and observing in pertinent part that "these provisions should serve to encourage settlements and avoid protracted litigation."). To enable *R.* 4:58–1 to fulfill its purpose, *R.* 4:58–2 and *R.* 4:58–3 create "disincentives for litigants to reject reasonable offers of compromise tendered under the [r]ule" by providing for certain financial ramifications. *Palmer v. Kovacs,* 385 *N.J.Super.* 419, 425, 897 *A.*2d 429 (App.Div.2006) (internal citations omitted). The purpose of *R.* 4:58–2 "is similar to the reason given for awarding prejudgment interest pursuant to *R.* 4:42–11(b), namely to encourage parties to settle worthy cases." *McMahon v. New Jersey Manufacturers Ins. Co.,* 364 *N.J.Super.* 188, 192, 834 *A.*2d 1074 (App.Div.2003) (internal citations omitted).

With respect to prejudgment interest, as the cited cases indicate, the rule serves to encourage a litigant to accept a reasonable offer of judgment or pay the time-value for unreasonable delay. "The rules of our court do not provide for prejudgment interest when an offer of judgment is accepted and a judgment is entered." *Willts v. Eighner,* 168 *N.J.Super.* 197, 201, 402 *A.*2d 269 (Law Div.1978) (declining to award prejudgment interest after party accepted offer of judgment).

In the motion papers supporting enforcement of the arbitration award, plaintiffs are silent on the offer of judgment being extended one day after arbitration. During oral arguments, plaintiffs' counsel relied on *Elrac, Inc. v. Britto,* 341 *N.J.Super.* 400, 775 *A.*2d 547 (App.Div.2001), as basis for his motion. However, a review of the *Elrac* case leads to the conclusion that the relevant, operative facts are significantly distinguished from the case before this court. First, the plaintiff and defendant submitted competing offers of judgment that went unaccepted. *Elrac, supra,* 341 *N.J.Super.* at 402–403, 775 *A.*2d 547. Upon expiration of the offers, the matter proceeded to arbitration pursuant to *R.* 4:21A, leading to the issuance of an arbitration award. *Elrac, supra,* 341 *N.J.Super.* at 403, 775 *A.*2d 547. Neither party sought confirmation of the arbitration award within the designated timeframe. Thereafter, the court denied defendant's petition for an award of counsel fees and costs pursuant to *R.* 4:58–3 as well as for additional time to move to confirm the arbitration award. *Ibid.* The appellate court reversed, holding that the lower court lost sight of some of the fundamental purposes of *R.* 4:58 and that the relevant deadline set forth by *R.* 4:21A could be relaxed in order to promote and confirm settlements out of court. *Id.* at 406, 775 *A.*2d 547.

In the case at hand, plaintiffs moved to confirm the arbitration award during the ninety-day offer of judgment period. In *Elrac,* the defendant sought to confirm the arbitration award well after the ninety-day acceptance period had expired. It is this factual

difference that sharply limits any relevance that the *Elrac* case may have to the case before the court.

An additional distinction between the present case and the *Elrac* case concerns the provisions of *R.* 4:21A. Recent amendments to the rule illustrate the legislature's effort to set the rule apart from the operation of *R.* 4:58 in one important respect. The Appellate Division in *Elrac* determined that "[i]n this matter, plaintiff's rejection of defendant's offer of judgment ... is governed by *R.* 4:58-3." *Elrac, supra,* 341 *N.J.Super.* at 404, 775 *A.*2d 547. Additionally, the court noted that "[t]he provisions of *R.* 4:58 are applicable to arbitration proceedings." *Ibid.* After the 2004 amendments to the rule, *R.* 4:21A-3 reads, in relevant part: "The provisions of *R.* 4:58 shall not apply to arbitration proceedings." In light of the specific exclusion of *R.* 4:58 from the workings of *R.* 4:21A-3, the *Elrac* case, which predates the 2004 amendments, has lost an important foundation for relevance to plaintiffs' case.

■ In the case before the court, plaintiffs extended an offer of judgment after obtaining an arbitration award. Under *R.* 4:58-1, and due to the fact that no trial date had been scheduled, defendants were entitled to ninety days to reach a decision to accept or reject the offer. On November 21, 2007, defendants accepted the offer settling the case. There is no statutory basis or case law that permits plaintiffs to cut the ninety day acceptance period short by approaching the court with a motion to confirm the arbitration award. In contrast, courts have only emphasized a rigid application of the deadlines and sanctions for failure to accept a reasonable offer within the deadlines. The "offeree can only accept the proposed terms within ninety days.... If the offeree does nothing, the offer automatically expires." *Palmer, supra,* 385 *N.J.Super.* at 425, 897 *A.*2d 429. "[T]he consequences of non-acceptance of a plaintiff's offer under *R.* 4:58-2 are mandatory." *McMahon, supra,* 364 *N.J.Super.* at 194, 834 *A.*2d 1074. (awarding plaintiff attorney's fees, interest, and other litigation expenses as a consequence of the offer of judgment rule). As a

result, defendants' acceptance of plaintiffs' offer occurred in a timely fashion, making the acceptance valid pursuant to *R.* 4:58–1. In light of the proper and timely acceptance of plaintiffs' offer, defendants are not subjected to any of *R.* 4:58's impositions and cannot be forced to pay prejudgment interest. *See Willts, supra,* 168 *N.J.Super.* at 201, 402 *A.*2d 269.

Plaintiffs' reliance on *R.* 4:21A and *R.* 4:42–11(b) is misplaced. Due to the recent amendments, *R.* 4:21A–3 has no applicability to offers of judgment, while the *R.* 4:42–11(b) prejudgment interest provision is of no consequence because the parties settled the lawsuit.

## II) *Conclusion*

Based on *R.* 4:58–1 and the interpreting case law, plaintiffs' motion must fail. Upon presenting the offer of judgment, plaintiffs activated *R.* 4:58–1's rigid ninety-day acceptance period. There is no authority that enables plaintiffs to unravel the firmness of the acceptance period. Defendants' timely acceptance of the offer resulted in a binding settlement,[1] a settlement encouraged by public policy giving rise to *R.* 4:58. Therefore, this court cannot grant plaintiffs the relief requested and in the process penalize defendants for acting in accordance with the rule.

Accordingly, plaintiffs' motion for confirmation of the arbitration award and prejudgment interest is denied.

---

[1] Defendant indicated to the Court that settlement papers would be forthcoming shortly.