**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4236-18T4

LISA FALK,

     Plaintiff-Respondent,

v.

KEVIN DONOVAN, MICHAEL
DONOVAN, and ALLSTATE NEW
JERSEY PROPERTY & CASUALTY
INSURANCE COMPANY,

     Defendants,

and

UNITED SERVICES
AUTOMOBILE ASSOCIATION,

     Defendant-Appellant.

_____

Argued telephonically April 28, 2020 –
Decided May 22, 2020

Before Judges Yannotti, Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Law
Division, Middlesex County, Docket No. L-2106-17.

Walter F. Kawalec, III, argued the cause for appellant (Marshall, Dennehey, Warner, Coleman & Goggin, attorneys; Walter F. Kawalec, III, and George P. Helfrich, on the briefs).

Paul R. Sheehan argued the cause for respondent (Hill Wallack, LLP, attorneys; Marc H. Herman, of counsel and on the brief; Paul R. Sheehan and Todd J. Leon, on the brief).

PER CURIAM

United Services Automobile Association (USAA) appeals from an order of the Law Division, which found that plaintiff was entitled to underinsured motorist (UIM) benefits under USAA's auto insurance policy up to the policy limits of $500,000. We reverse.

## I.

This dispute arises from a collision that occurred on November 21, 2015. On that date, plaintiff was operating an automobile owned by Dennis Hall, who was then plaintiff's fiancé. At the time, Kevin Donovan was operating an automobile, apparently with the consent of Michael Donovan, the owner of the car. Donovan's vehicle struck the rear of the car plaintiff was driving and plaintiff sustained personal injuries.

Donovan's vehicle had insurance coverage with bodily injury limits of $100,000 under a policy issued by High Point Property & Casualty Insurance,

2

an entity now known as Plymouth Rock Assurance. Plaintiff was insured under an automobile insurance policy issued by Allstate Insurance Company (Allstate), which provided uninsured motorists (UM) and UIM coverage with policy limits of $100,000. Hall's automobile was insured by USAA with coverage of up to $500,000. The USAA policy provided UM and UIM coverage, subject to certain limitations.

In April 2017, plaintiff filed a complaint in the Law Division against Kevin and Michael Donovan, alleging she was injured as a result of Kevin's negligent and careless operation of the motor vehicle. She later amended her complaint and added a claim against Allstate for UIM coverage under her auto insurance policy. Thereafter, plaintiff again amended her complaint and asserted a claim against USAA for UIM coverage under Hall's policy.

In February 2019, USAA filed a motion for summary judgment seeking a declaration that plaintiff is not entitled to UIM coverage under its policy. USAA argued that plaintiff is not a "covered person" as that term is defined in the section of the policy pertaining to UIM coverage. USAA further argued that if plaintiff is deemed to be a "covered person" under the policy, the step-down provision in the policy applies and reduces her maximum recovery of UIM benefits to the amount of UIM coverage available under her Allstate policy.

USAA therefore argued plaintiff was not entitled to UIM benefits under its policy.

Plaintiff opposed USAA's motion and filed a cross-motion for partial summary judgment. She argued that the relevant provisions of the USAA policy are ambiguous, and she should be deemed a "covered person" under the UIM provisions of the policy. Plaintiff also argued that the step-down provision does not apply to UIM coverage. Plaintiff therefore contended she was entitled to UIM coverage up to the policy limits of $500,000.[1]

The Law Division judge heard oral argument on the motions and decided that the relevant provisions of the USAA policy are ambiguous, and plaintiff should be deemed a "covered person" under the UIM provisions of the policy. The judge also decided that the step-down provision in the policy is expressly limited to UM coverage. The judge therefore concluded that plaintiff was entitled to UIM coverage up to $500,000.

Thereafter, plaintiff agreed to dismiss her claims against the other parties. Later, plaintiff and USAA consented to the entry of a final judgment awarding plaintiff $400,000 in UIM benefits. The judgment preserved USAA's right to

---

[1] Because plaintiff collected $100,000 under Donovan's policy, the most plaintiff could potentially recover under the USAA policy was $400,000, if she was entitled to UIM benefits. N.J.S.A. 17:28-1.1(e)(1).

appeal the trial court's orders denying its motion for summary judgment and granting plaintiff's motion for partial summary judgment. USAA's appeal followed.

## II.

On appeal, USAA argues the motion judge erred by finding that plaintiff was entitled to UIM coverage under its policy. USAA argues that the relevant provisions of the policy are clear and unambiguous, and plaintiff does not meet the definition of a "covered person" in the section of the policy pertaining to UIM coverage. USAA therefore contends the judge erred by denying its motion for summary judgment and granting plaintiff's motion for partial summary judgment.

When reviewing an order granting summary judgment, we apply the same standard that the trial court applies. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016) (quoting Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)). Summary judgment should be granted when the evidence before the court on the motion "show[s] that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).

A-4236-18T4

Under New Jersey laws governing auto insurance, UIM coverage is discretionary. Aubrey v. Harleysville Ins. Co., 140 N.J. 397, 404 (1995) (citing N.J.S.A. 17:28-1.1(b)). "UIM coverage provides to an insured a measure of protection against the risk of being injured by a negligent driver having inadequate limit of liability insurance to cover the extent of the insured's injuries." French v. N.J. School Bd. Ass'n Ins. Grp., 149 N.J. 478, 480 (1997)).

Here, the trial court determined that plaintiff was entitled to UIM coverage under the USAA policy. The court's interpretation of the USAA policy is a legal determination. Sealed Air Corp. v. Royal Indem. Co., 404 N.J. Super. 363, 375 (App. Div. 2008)). "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) (citations omitted). Accordingly, we review the trial court's interpretation of the policy de novo. Sealed Air. Corp., 404 N.J. Super. at 375.

When interpreting an insurance policy, "we give the policy's words their plain, ordinary meaning." Passaic Valley Sewerage Comm'rs v. St. Paul Fire & Marine Ins. Co., 206 N.J. 596, 607-08 (2011) (citing Nav-Its, Inc. v. Selective Ins. Co., 183 N.J. 110, 118 (2005)). If the terms of the policy are clear, we enforce those terms as written. Id. at 608 (citing Kampf v. Franklin Life Ins.

Co., 33 N.J. 36, 43 (1960)). However, if the policy's provisions are ambiguous, we will "construe [those provisions] against the insurer and in favor of the insured to give effect to the insured's reasonable expectations." Ibid. (citing Flomerfelt v. Cardiello, 202 N.J. 432, 441 (2010)).

"A genuine ambiguity arises only where the phrasing of the policy is so confusing that the average policyholder cannot make out the boundaries of coverage." Ibid. (quoting Progressive Cas. Ins. Co. v. Hurley, 166 N.J. 260, 274 (2001) (internal quotations omitted)). An ambiguous policy is one that is "overly complicated, unclear, or written as a trap for the unguarded consumer." Ibid. (quoting Zaccarias v. Allstate Ins. Co., 188 N.J. 590, 604 (2001)).

Here, USAA contends the provisions of its policy pertaining to UIM coverage are clear and unambiguous and plaintiff does not fall within the definition of a "covered person" for such coverage. Part C of the policy is titled "UNINSURED MOTORISTS COVERAGE (referred to as UM)."

Part C of the policy pertains, however, to both UM and UIM coverage. Indeed, the insuring agreement in Part C states:

> [USAA] will pay compensatory damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of:

1. [Bodily injury] sustained by a covered person, and caused by an auto accident; and

2. [Property damage] caused by an auto accident, except under paragraph 3 of the definition of an uninsured motor vehicle.

The owner or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle or underinsured motor vehicle. Any judgment for damages arising out of the suit brought without our written consent is not binding on us.

The policy defines certain terms that are used in Part C. The term "covered person" is defined as:

1. You and any family member.

2. Any other person occupying your covered auto but only if that person is not covered for UM under another auto policy.

3. Any person for damages that person is entitled to recover because of [bodily injury] to which this coverage applies sustained by a person described in 1. or 2. above.

USAA argues that under this definition of "covered person," a person, other than the named insured or a member of the named insured's family, who occupies a covered vehicle, is only entitled to UIM coverage if that person is "not covered for UM by another auto policy." However, the definition appears

to be inconsistent with the use of the term "covered person" in the definition of "underinsured motor vehicle."  The policy states:

> 1.  With respect to a covered person who:
>
>> a.  Is not the named insured under this policy; and
>>
>> b.  Is a named insured under one or more policies providing similar coverage,
>
> an underinsured motor vehicle is a vehicle to which a New Jersey Basic Auto Policy issued pursuant to N.J.S.A. 39:6A-3.1. applies or which liability bonds and policies for [bodily injury] or [property damage] are available, but the sum of the limits of the bonds and policies is less than the sum of the limits for Underinsured Motorists Coverage afforded under this policy and all other policies identified in C.1.b.

Thus, as applied to a person who was occupying a covered automobile, the term "covered person" only includes persons who do not have "UM" coverage.  However, as used in the definition of "underinsured motor vehicle," the term "covered person" includes any person who is a named insured under a policy that provides "similar coverage," which presumably means both UM and UIM coverage.  Therefore, as used in Part C of the policy, the term "covered person" is ambiguous when applied to persons, like plaintiff, who were injured while occupying a covered automobile.

9

USAA contends, however, that the relevant provisions of the policy are not ambiguous. USAA asserts that the motion judge erred by suggesting that under the policy, there is no way in which UIM coverage would ever be triggered.

USAA contends UIM coverage is provided for the named insured, family members of the named insured, and persons occupying a covered vehicle who are not covered for UM under another auto policy. USAA asserts that the policy clearly excludes a person who occupies a covered automobile from UM and UIM coverage if that person is covered for UM under another auto policy.

USAA's argument focuses solely upon the definition of "covered person." Standing alone, that definition is clear. However, the motion judge based her observation upon a consideration of the definition of "covered person" and the other provisions of the policy pertaining to UM and UIM coverage.

The judge correctly determined that, as applied to plaintiff, the definition of "covered person" in Part C of the policy is ambiguous and must be interpreted in favor of plaintiff. We therefore conclude plaintiff is a "covered person" under Part C of the policy.

A-4236-18T4

III.

USAA further argues that if plaintiff is deemed to be a "covered person" for UIM coverage, the step-down provisions of the policy apply. Part C of the USAA's standard policy states in pertinent part that:

> If there is other applicable insurance available under one or more policies or provisions of coverage:
>
> 1. Any recovery for [bodily injury] or [property damage] under all such policies or provisions of coverage may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis:
>
> However:
>
> a. If a covered person is
>
>      1. A named insured under one or more policies providing similar coverage; and
>
>      2. Not occupying a vehicle owned by that covered person,
>
> then any recovery for damages for [bodily injury] or [property damage] for that covered person may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage to that covered person as a named insured.

The record shows that USAA issued an amendment to the standard policy, which includes a section entitled, "PART C- UNINSURED MOTORISTS

11

COVERAGE." This amendment replaced the other insurance section of the standard policy and states:

> If there is other applicable insurance for UM Coverage available under one or more policies or provisions of coverage:
>
> 1. any recovery for damages for [bodily injury] or [property damage] under all such policies of provisions may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage on either a primary or excess basis.
>
> However,
>
> a. If a covered person is
>
>    1. A named insured under one or more policies providing similar coverage; and
>
>    2. Not occupying a vehicle owned by that covered person,
>
> then any recovery for damages for [bodily injury] or [property damage] for that covered person may equal but not exceed the highest applicable limit for any one vehicle under any insurance providing coverage to that covered person as a named insured.
>
> . . . .

The motion judge decided that the other insurance provision of the amended policy does not apply here because USAA expressly limited its

application to "UM" coverage. We are convinced, however, that the judge's interpretation of the policy was erroneous.

As we stated previously, Part C of the standard USAA policy is titled "UNINSURED MOTORISTS COVERAGE (referred to as UM)." Notwithstanding that title, Part C applies to both UM and UIM coverage. Furthermore, the amendments to the standard policy only changed certain provisions of Part C, and the amendments include provisions pertaining to both UM and UIM coverage.

Moreover, when read in light of all of the provisions of Part C and the amendments to that section of the policy, it is readily apparent the term "UM" as used in Part C is intended to encompass both uninsured and underinsured motorists coverage. Indeed, the standard policy does not use "UM" and "UIM" as defined terms for "uninsured motorist" or "underinsured motorist." We therefore conclude that the other insurance provisions of Part C apply to both UM and UIM coverage.

Plaintiff argues, however, that the use of the term "UM" in the amended Part C is ambiguous. Plaintiff asserts that if USAA wanted the other insurance provisions to apply to both uninsured and underinsured coverage, the policy should have stated so in clear and unambiguous terms.

13

We are convinced, however, that the term "UM" as used in the amendment to Part C must be interpreted in light of the other provisions of Part C, which apply to both UM and UIM coverage. Plaintiff could not reasonably expect that the step-down provision would not apply to UIM coverage.

We therefore conclude that the other insurance provision of Part C of the USAA policy, as amended, applies to plaintiff's UIM coverage and that coverage is limited to the $100,000 provided under her auto insurance policy. Because plaintiff's UIM coverage under the USAA policy is not greater than the $100,000 coverage available to her under Donovan's policy, she was not entitled to any UIM benefits under the USAA policy.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4236-18T4