NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-3562-22

NARENDRA LAKHANI,
SONALI MODY, and
DARSHAN LAKHANI,

       Plaintiffs,

v.

ANIL PATEL, MANISH PATEL,
RAJNI PATEL, JAYESH PATEL,
NORTHSTAR HOTEL GROUP, INC.,
NORTHSTAR MANAGEMENT, INC.,
NORTHSTAR KENILWORTH, LLC,
NORTHSTAR LAUREL, LLC,
NORTHSTAR TECHNOLOGIES,
LLC, AM STAR HOSPITALITY,
LLC, NORTHSTAR HOLDING, LP,
HARIT KAPADIA, CPA, ASHWIN
PANDYA, CPA, and PANDYA,
KAPADIA & ASSOCIATES, CPA, PA.,

       Defendants/Third-Party
       Plaintiffs,

v.

BRIX RESOURCES, INC., BRIX
HOSPITALITY, LLC, BRIX
KENILWORTH, LLC, and
BRIX LAUREL, LLC,

       Third-Party Defendants.

_____

**APPROVED FOR PUBLICATION**

**August 9, 2024**

**APPELLATE DIVISION**

JOHN CALZARETTO,

     Appellant.

_____

JONATHAN I. RABINOWITZ,

     Respondent.

_____

Submitted June 4, 2024 – Decided August 9, 2024

Before Judges Sumners, Rose and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket Nos. L-0386-11 and L-0758-11.

Calzaretto & Bernstein LLC, attorneys for appellant John Calzaretto (John Calzaretto, on the briefs).

Rabinowitz, Lubetkin & Tully, LLC, attorneys for respondent Jonathan I. Rabinowitz (Jonathan I. Rabinowitz, of counsel and on the brief; John J. Harmon, on the brief).

The opinion of the court was delivered by

SUMNERS, JR., C.J.A.D.

The issue presented, one of first impression, is whether a court-appointed Special Adjudicator's fees to resolve discovery disputes can be charged to an individual or entity who were not parties to the underlying litigation but petitioned the court to quash a subpoena. Because we conclude Rule 4:41-2 limits the imposition of the Special Adjudicator's fees to the

parties in the underlying litigation, we reverse the trial court's order imposing fees on appellants John Calzaretto, Esquire and Calzaretto & Bernstein LLC (collectively Calzaretto), who moved to quash the subpoena as they are nonparties to the underlying litigation.

I.

This dispute emanates from the fractured business relationships involving the operation and ownership of hotels. To resolve the issue before us, it is unnecessary to detail the disputes as we did a year ago in our unpublished decision regarding sanctions sought by the court-appointed Receiver in aid of execution in this litigation. Brix Hosp. v. Patel, No. A-0196-21 (App. Div. June 27, 2023) (slip op. at 4-17).[1]

Suffice to say, the Receiver was appointed to enforce a final, non-appealable judgment entered against Anil Patel and Manish Patel due to the trial court's determination that they made repeated false statements regarding their financial circumstances to avoid collection. To assist the court in resolving disputes arising from the Receiver's discovery requests, the court appointed a Special Adjudicator under Rule 4:41-1, because "this [litigation] is a complex matter with voluminous discovery justifying the need for

_____

[1] The Patel opinion involved the two Law Division actions in this action as well as two other Law Division actions.

extraordinary measures to expedite . . . and [there is a] judicial shortage in this vicinage." The court's order directed the Special Adjudicator to recommend how it should decide Calzaretto's motion to quash a subpoena issued by the Receiver to his law firm's bank account regarding transactions relating to the Patels, whom the firm previously represented. The order also called for the Special Adjudicator to recommend a ruling on a contempt motion against Donald Manno, Esq. for not responding to the Receiver's subpoena, but this dispute is not an issue on appeal. The order allowed "[t]he parties . . . ten . . . business days to appeal to the court from a recommendation of the [S]pecial [Adjudicator]." Relevantly, the order permitted the Special Adjudicator to "allocate all fees including his own as he sees fit."

After conducting a video conference, the Special Adjudicator issued a June 20, 2023 Report and Recommendation to the Receiver, Manno, and Calzaretto in response to their contentions that they should not be responsible for payment of his $9,000 retainer fee. Relevant here, Calzaretto argued that he no longer represented the Patels and moved to quash the subpoena to "protect[] the interests of the clients of his law firm," and Rule 4:41-2 does not allow "charging him and his firm for [the Special Adjudicator's] fees since they are not parties in this litigation." The Special Adjudicator disagreed, finding Calzaretto, as a "part[y] to the motion practice," could "be charged a

portion of [his] fees." He thus charged Calzaretto $3,000, one-third of his retainer fee, with Manno and the Receiver equally responsible for the $6,000 balance.

Calzaretto, Manno, and the Receiver appealed the Special Adjudicator's fees recommendation to the trial court. After hearing their respective arguments on July 21, 2023,[2] the court issued a terse oral decision stating it was "not going to disturb [the Special Adjudicator's] report [and] recommendation, and his initial allocation of . . . fees." Beyond referencing the Special Adjudicator's Report and Recommendation, the court did not make any findings of fact and conclusions of law.[3] A memorializing order was issued that day. Calzaretto appeals.

II.

A trial court's authority to appoint a Special Adjudicator is set forth in Rule 4:41-1, which provides:

> The reference for the hearing of a matter by a judge of the Superior Court shall be made to a special adjudicator only upon approval by the Assignment Judge, and then only when all parties consent or under

---

[2] The Special Adjudicator did not appear.

[3] The court's decision refers to its receipt of the Special Adjudicator's June 27, 2023 letter regarding Manno's argument during the video conference. Because it was not included in the record before us, we can only conclude it is not relevant to Calzaretto's appeal.

> extraordinary circumstances. The order of reference shall state whether the reference is consensual and, if not, shall recite the extraordinary circumstances justifying the reference.

As for payment of a Special Adjudicator's fees, Rule 4:41-2 provides in pertinent part, "[t]he special adjudicator's compensation shall be fixed by the court and charged upon such of the parties or paid out of any fund or property as the court directs." (Emphasis added). Our rules, however, do not indicate how a Special Adjudicator's fees shall be divided between the parties. Accordingly, we review the trial court's order dividing payment of a Special Adjudicator's fees based on an abuse of discretion. In re Est. of Hope, 390 N.J. Super. 533, 541 (App. Div. 2007) (holding that "[a] trial court's rulings on discretionary decisions are entitled to deference and will not be reversed on appeal absent a showing of an abuse of discretion involving a clear error in judgment").

## III.

Calzaretto contends he cannot be charged a portion of the Special Adjudicator's fees because under Rule 4:41-2 he is not a party to the litigation that led to the appointment of a Receiver and, later, a Special Adjudicator to resolve disputes over the Receiver's discovery demands. Calzaretto maintains neither Rule 4:41-2 nor another court rule defines "party." He emphasizes he is not a plaintiff, defendant, guardian, executor, administrator, John or Jane

6

Doe or ABC Corporation fictitious party, cross-claimant, counterclaimant, intervenor, interpleader, third-party plaintiff, or third-party defendant, which are considered parties under A Practitioner's Guide to New Jersey's Civil Court Procedures, which our courts last updated in January 2011. N.J. Cts., A Practitioner's Guide to New Jersey's Civil Court Procedures § 2(a) (2011).

Calzaretto also cites as persuasive authority, Fed. R. Civ. P. 53(g)(2)(A),[4] which mirrors Rule 4:41-2, stating the "master's[5] "compensation" must be borne 'by a party or parties.'" In re Intel Corp. Microprocessor Antitrust Litig., 562 F. Supp. 2d 606, 610 (D. Del. 2007) ("[W]hen Fed. R. Civ. P. [53(g)(2)(A)[6]] expressly states that compensation must be paid by 'a party or parties,' it means just that and does not include nonparties."). Thus, he argues as a nonparty, he cannot be charged with paying fees under our rules' federal counterpart.

In opposition, the Receiver argues the trial court did not abuse its discretion and correctly interpreted Rule 4:41-2. The Receiver extensively

---

[4] Fed. R. Civ. P. 53(g)(2) provides the master's "compensation must be paid either: (A) by a party or parties; or (B) from a fund or subject matter of the action within the court's control."

[5] The federal rule still uses the term "master." Fed. R. Civ. P. 53(g)(1).

[6] The rule was amended effective December 1, 2007, redesignating Fed. R. Civ. P. 53(h) to 53(g)(2)(A).

A-3562-22

details the history of the underlying litigation, including Calzaretto's representation of the Patels and the basis for his appointment as well as the Special Adjudicator's. The Receiver argues Calzaretto is a party under Rule 4:41-2 "to th[is] 'matter' that was referred to the Special [Adjudicator]." He also contends the relaxation provision of "Rule 1:1-2, read in conjunction with Rule 4:41-2, provides supplemental authority for the [t]rial [c]ourt to exercise its discretion to allocate a share of the Special [Adjudicator]'s fees to . . . [Calzaretto]." Finally, the Receiver contends Calzaretto's reliance on the federal rules is misplaced because Calzaretto cites "federal cases that do not address Rule 4:41-2" or our state's court rules, and the cited published federal district court case is not "binding precedent in the federal judiciary," and "even if the federal rules governed this action, federal courts have authorized the assessment of a special master's fees against attorneys."

IV.

A.

Before beginning our analysis in interpreting Rule 4:41-2, we stress that the trial court did not state its factual findings and conclusions of law on the record as required by Rule 1:7-4(a). Where a Special Adjudicator's recommendations are under consideration, "we . . . [review] only the decision made by the [trial court]" and "owe no deference to the legal conclusions of a

A-3562-22

[S]pecial [Adjudicator]." Little v. KIA Motors Am., Inc., 425 N.J. Super. 82, 90 (App. Div. 2012). Thus, the court's mere statement that it is "not going to disturb [the Special Adjudicator's] report [and] recommendation" is insufficient.

In some cases, appellate review can be impeded when Rule 1:7-4 is not complied with and a remand might be necessary. Elrom v. Elrom, 439 N.J. Super. 424, 443 (App. Div. 2015). However, to avoid any unnecessary litigation delay, we will not remand as the record provided allows us to determine whether the trial court erred in imposing Special Adjudicator's fees upon Calzaretto. See Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 1:7-4 (2024) (first citing Delvalle v. Trino, 474 N.J. Super. 124, 142 (App. Div. 2022) (determining appellate review of "whether the emotional distress claims should be dismissed" can occur even though the motion court did not address the issue); and then citing Leeds v. Chase Manhattan Bank, N.A., 331 N.J. Super. 416, 420-21 (App. Div. 2000) (affirming the grant of summary judgment even though order merely stated "denied")).

B.

To interpret Rule 4:41-2, we "apply the same canons of construction to a court rule that we apply to a statute." Cadre v. Proassurance Cas. Co., 468 N.J. Super. 246, 263 (App. Div. 2021) (citing Mortg. Grader, Inc. v. Ward & Olivo,

LLP, 438 N.J. Super. 202, 210 (App. Div. 2014)). "We look first to the plain language of the rules and give the words their ordinary meaning." Robertelli v. N.J. Off. of Att'y Ethics, 224 N.J. 470, 484 (2016) (citing Bridgewater-Raritan Educ. Ass'n v. Bd. of Educ. of Bridgewater-Raritan Sch. Dist., 221 N.J. 349 (2015)). "We also read the language of a rule 'in context with related provisions so as to give sense to the [court rules] as a whole.'" Ibid. (alteration in original) (quoting Wiese v. Dedhia, 188 N.J. 587, 592 (2006)). "If the text of the rules is ambiguous, we can turn to extrinsic evidence, including committee reports, for guidance." Ibid. (citing Cast Art Indus., LLC v. KPMG LLP, 209 N.J. 208, 222 (2012)).

Rule 4:41-2 plainly states only "parties" can be charged to pay the Special Adjudicator's fees. The rule's reference to paying the fees "out of any fund or property as the court directs" is not applicable. R. 4:41-2. There is no ambiguity as to who can be charged to compensate the Special Adjudicator.

Calzaretto is not a party in the underlying Brix Hospitality litigation—the litigation which led to the Receiver's appointment, the Receiver's discovery subpoena, Calzaretto's opposition, and the Special Adjudicator's appointment and fees. Granted, Calzaretto petitioned the trial court to quash the Receiver's subpoena thereby placing himself in Brix Hospitality to "protect[] the interests of the clients of his law firm." Yet, Calzaretto is not a party in Brix

Hospitality, and it would be inconsistent with Rule 4:41-2 for the trial court to impose the Special Adjudicator's fees when Calzaretto is not involved in the litigation. The fact that Calzaretto represented the Patels and his firm's bank account may reveal information relevant to the Receiver's judgment collection efforts does not expose him to responsibility for the Special Adjudicator's fees under the court rule.

The Receiver's opposition extensively detailing the litigation history to show Calzaretto's entanglement with the Patels' misdeeds is not relevant to the issue on appeal—whether under Rule 4:41-2 Calzaretto is party who can be ordered to pay the Special Adjudicator's fees. Indeed, if Calzaretto's involvement warranted inclusion as a party, then he would have been so named in the underlying litigation and his potential responsibility for the Special Adjudicator's fees under the rule would be clear.

Our interpretation of Rule 4:41-2 is aided by the fact that under Rule 4:41-1, the trial court's appointment of a Special Adjudicator happens "only when all parties consent or under extraordinary circumstances." The court here appointed the Special Adjudicator "under extraordinary circumstances" caused by the judicial shortage and the voluminous amount of discovery involved. Given the rule allows the parties to consent to the appointment of a Special Adjudicator, it seems implicit that only parties to the litigation in

11

which the Special Adjudicator is appointed can be required to compensate the Special Adjudicator for services rendered. Since Calzaretto had no input in whether the Special Adjudicator was appointed, it seems unfair and inconsistent with Rule 4:41-1 to require him to contribute to compensating the Special Adjudicator. See DiProspero v. Penn, 183 N.J. 477, 493 (2005) (discouraging interpretations that undermine an "overall statutory scheme").

We note, however, Calzaretto's reliance on Fed. R. Civ. P. 53(g)(2)(A)'s similarity with Rule 4:41-2 is without merit. Although the "interpretation of federal law by federal courts may be persuasive in a given case," Young v. Prudential Ins. Co. of Am., Inc., 297 N.J. Super. 605, 622 (App. Div. 1997), Calzaretto has not presented any federal case law defining a party in the context of Fed. R. Civ. P. 53(g)(2)(A). Absent such interpretation, we have no clue how the situation before us would be considered under the federal rule.

Finally, we conclude there is no merit to the Receiver's argument that the relaxation provision of Rule 1:1-2(a) should be applied to Rule 4:41-2 to justify the trial court's order that Calzaretto pay a share of the Special Adjudicator's fees. First, the trial court did not decide that its order was in exercise of its discretion to "relax" of the requirements of Rule 4:41-2 under Rule 1:1-2(a). Moreover, Rule 1:1-2(a) is "construed to secure a just determination, simplicity in procedure, fairness in administration and the

elimination of unjustifiable expense and delay. . . . [A]ny rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice." There has been no showing that requiring Calzaretto to pay the Special Adjudicator's fees satisfies this standard. Rule 1:1-2(a) cannot be applied to order an individual or entity to pay a Special Adjudicator's fees that are not delineated in Rule 4:41-2. To do so would grossly misapply the procedural fairness goal of Rule 1:1-2(a) and substantively alter Rule 4:41-2 for which there is no authority.

Reversed. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3562-22