**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0085-25

JOHANN MEJIA ARBOLEDA,

    Petitioner-Respondent,

v.

PAYCHEX,

    Respondent-Appellant,

and

PROP N SPOON,

    Respondent-Respondent.

_____

Argued February 5, 2026 – Decided February 25, 2026

Before Judges Mawla and Bishop-Thompson.

On appeal from an interlocutory order of the Division of Workers' Compensation, Department of Labor and Workforce Development, Claim Petition Nos. 2024-24034 and 2025-8339.

Bei Yang and Michael S. Urcuyo argued the cause for appellant (Goldberg Segalla LLP, attorneys; Bei Yang

and Ioannis S. Athanasopoulos, of counsel and on the briefs).

Andrew J. Clark argued the cause for respondent Prop N Spoon (Rubenstein, Berliner & Shinrod, LLC, attorneys; Andrew J. Clark and Richard B. Rubenstein, on the brief).

PER CURIAM

We granted appellant Paychex leave to appeal from a May 1, 2025 order entered by a judge of compensation disqualifying the law firm of Goldberg Segalla LLP from representing Paychex, and a July 7, 2025 order denying a motion for reconsideration. Having considered the facts and the applicable law, we affirm.

Respondent Prop N Spoon entered a professional employer organization (PEO) agreement with Paychex for Paychex to administer Prop N Spoon's human resources functions, including providing workers' compensation coverage to its employees. On October 8, 2024, respondent Johann Mejia Arboleda filed a claim petition alleging a work-related injury, naming American Zurich Insurance Company as the insurance carrier. Prop N Spoon tendered Arboleda's workers' compensation claim to Paychex. American Zurich, on behalf of Paychex, assigned Goldberg Segalla as defense counsel.

A-0085-25

On October 31, 2024, Goldberg Segalla filed a verified answer on behalf of Prop N Spoon, which listed the firm as Prop N Spoon's counsel. The answer did not reserve any rights with respect to the representation of Prop N Spoon, and it disputed Arboleda's claims regarding the nature, extent, and causation of permanent disability. Goldberg Segalla's answer requested Arboleda's treatment records and reserved all defenses against him, the right of cross-examination, as well as the right to call witnesses and expert witnesses.

On November 4, 2024, Goldberg Segalla filed an amended answer indicating it was entering a special appearance on behalf of Paychex as insured by Zurich and ESIS, a third-party administrator. The amended answer stated Goldberg Segalla did not represent Prop N Spoon and denied coverage of the claim; a position clearly adverse to Prop N Spoon's interests.

On November 14, 2024, Goldberg Segalla moved to dismiss Arboleda's claim for coverage from Paychex. It asserted a coverage defense against Prop N Spoon as a reason to deny the motion because it claimed Prop N Spoon concealed Arboleda's employment from Paychex, which worked to waive workers' compensation coverage for Arboleda.

As a result, Prop N Spoon retained new counsel who filed an answer to Arboleda's claim. Prop N Spoon also filed a motion for adjudication of

3

insurance coverage and disqualification of Goldberg Segalla pursuant to RPC[1] 1.9(a) based on its initial representation of Prop N Spoon and the adverse positions it later took against Prop N Spoon on behalf of Paychex. Goldberg Segalla opposed the motion and submitted a certification from the attorney who filed the initial answer on behalf of Prop N Spoon.

The attorney certified the initial answer contained a reservation of rights to be amended. She blamed the designation of Prop N Spoon as the client in the initial answer on a technological issue. The attorney stated: "One technological issue is that when we file the [a]nswer on the [c]ourt['].s [o]n-line system, there is no option to change or delete [r]espondent, i.e., Prop N[] Spoon, in this claim." She claimed the "[p]reliminary [a]nswer was to provide notice to the court and the parties of our firm's involvement while Paychex/Zurich/ESIS completes their investigation. This filing neither establish[ed] nor intended to establish an attorney-client relationship with Prop N[] Spoon."

The attorney certified the firm engaged in subsequent communications with "Paychex/Zurich/ESIS[] to investigate and confirm the relevant facts regarding the employment relationship, the coverage issue, and the accident." Four days later, the firm amended the answer to note it does not represent Prop

---

[1] Rules of Professional Conduct.

N Spoon and deny the claim, and entered a special appearance on behalf of Paychex, the party insured by Zurich. The attorney asserted "[t]his swift clarification demonstrated . . . the initial filing was a standard part of the investigative process, not a substantive representation of Prop N[] Spoon at any time."

The firm did not provide Prop N Spoon with legal advice, "exchange confidential information, or take any action that could be construed as forming an attorney-client relationship." The attorney claimed the firm's practices "fully align[ed] with standard practices in PEO-related litigation and compl[ied] with ethical obligations while reflecting the practical realities of such litigation." She noted "no substantive proceedings or actions took place" during the four-day interval between the filing of the initial and amended answer.

The judge of compensation considered the parties' submissions, and on May 1, 2025, disqualified Goldberg Segalla based on a conflict of interest and directed Zurich and Paychex to engage separate counsel. Goldberg Segalla moved for reconsideration, reiterating many of the arguments it initially asserted in opposition to Prop N Spoon's disqualification motion. The motion was supported by a certification from the same attorney who submitted the certification in the initial motion. She claimed the judge ruled on the

5

disqualification issue without oral argument and over counsel's "objection and request to place arguments on the record." The attorney's certification argued no attorney-client relationship had formed between Goldberg Segalla and Prop N Spoon because "[t]here must be an offer or request for legal services by the client and acceptance by the attorney," and "[a]n attorney's representation of a party requires the party's informed consent."

The judge conducted oral argument on the motion for reconsideration. At the outset, he rejected Goldberg Segalla's argument there was a procedural impropriety in how the initial motion to disqualify was adjudicated. He pointed out he had the authority to decide the matter on the papers submitted under N.J.A.C. 12:235-3.5(c) and noted he had conferenced the matter before deciding the disqualification motion. The judge rejected the firm's argument the online system was the reason why it could not file an answer on behalf of the proper party, noting it "could have filed [the answer] manually and done it the proper way the first time." Following oral argument, the judge entered the July 7, 2025 order denying reconsideration.

I.

On appeal, Goldberg Segalla argues the judge erred because his decision is unsupported by factual and legal findings and he should have held a hearing

before disqualifying the firm. Goldberg Segalla reiterates it did not form an attorney-client relationship with Prop N Spoon, and Prop N Spoon never had any contact with the firm, let alone sought advice from it. It claims there is no legal precedent to support the notion the filing of an answer on behalf of Prop N Spoon would create an attorney-client relationship, "particularly where the association was generated automatically by the court's electronic filing system."

Goldberg Segalla reiterates no party relied on the initial answer it filed on behalf of Prop N Spoon and no proceedings took place in the four-day interregnum before the amended answer was filed. It claims we must not endorse a per se rule that the filing of an answer forms an attorney-client relationship because "[w]here attorneys are frequently retained to represent employers and insurance carriers in workers' compensation claims and utilize the partially pre-filled answer form provided by the electronic filing system, minor clerical issues such as this often arise."

Goldberg Segalla notes the May 1, 2025 order directed it to substitute out of the case but also stated "Zurich and Paychex shall engage separate counsel." It argues this aspect of the court's ruling is ambiguous and to the extent it requires Zurich and Paychex to each have separate counsel, the order should be reversed.

7

A-0085-25

"[A] determination of whether counsel should be disqualified is, as an issue of law, subject to de novo plenary appellate review." City of Atl. City v. Trupos, 201 N.J. 447, 463 (2010) (citing J.G. Ries & Sons, Inc. v. Spectraserv, Inc., 384 N.J. Super. 216, 222 (App. Div. 2006)). A trial court's decision to deny a motion for reconsideration will be upheld on appeal unless its decision was an abuse of discretion. Granata v. Broderick, 446 N.J. Super. 449, 468 (App. Div. 2016). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

N.J.A.C. 12:235-3.5(c) requires motions to dismiss for lack of prosecution and motions to suppress defenses in workers' compensation matters be listed for a hearing. However, "[a]ll other motions shall be disposed of on the papers, unless a [j]udge of [c]ompensation directs oral argument or further proceedings."

RPC 1.9(a) states: "A lawyer who has represented a client in a matter shall not thereafter represent another client in the same . . . matter in which that client's interests are materially adverse to the interests of the former client unless

A-0085-25

the former client gives informed consent confirmed in writing." Inasmuch as the Rules of Professional Conduct are a part of the Rules of Court, our Supreme Court has stated:

> [T]he meaning or scope of a court rule [is reviewed] de novo, applying "ordinary principles of statutory construction to interpret the court rules." State v. Robinson, 229 N.J. 44, 67 (2017). We begin with the plain language of the rule, and "ascribe to the [words of the rule] their ordinary meaning and significance . . . and read them in context with related provisions so as to give sense to the [court rules] as a whole." Wiese v. Dedhia, 188 N.J. 587, 592 (2006) (alterations in original) (quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005)).
>
> [DiFiore v. Pezic, 254 N.J. 212, 228 (2023).]

Having considered the record and the applicable law, we affirm substantially for the reasons expressed by the judge during the July 7, 2025 hearing. We add the following comments.

The judge did not have to conduct a hearing because N.J.A.C. 12:235-3.5(c) expressly authorizes him to adjudicate the disqualification motion on the papers. More importantly, based on a plain reading of RPC 1.9(a), it was self-evident why the judge disqualified Goldberg Segalla on May 1, 2025. The firm clearly represented Prop N Spoon, even if it was for just four days, when it undertook its defense by filing an answer. No factfinding or statement of

reasons was required to point out the obvious. The correctness of the judge's ruling was only underscored when the firm later switched sides and took a position adverse to Prop N Spoon.

The arguments that the side-switching was a mishap created by the electronic court filing system or the filing of an answer on behalf of an incorrect party is normal practice when initial pleadings are filed in workers' compensation matters, lack merit. The firm does not dispute the manual filing of an answer on behalf of Paychex would have obviated the conflict. Moreover, the record lacks evidence that it is normal for workers' compensation matters to be initiated in the name of one party only to be later corrected by representing an entirely separate and adverse party. Even if this were so, we would not condone it given the clear and plain wording of RPC 1.9(a). In other words, we decline to engraft a "no harm-no foul" standard onto the Rules of Professional Conduct, particularly where, as here, a duty to a client is implicated.

We do not read the May 1, 2025 order to require Zurich and Paychex to each retain their own separate counsel. Zurich insures Paychex. There is nothing in the record to indicate they are adverse to one another requiring separate counsel. The judge clearly meant Zurich and Paychex needed to retain counsel other than Goldberg Segalla. Prop N Spoon agrees.

10

In sum, the judge neither misapplied the law nor abused his discretion. The remaining arguments raised on appeal lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division